LUNDBERG *v.* ALBANY & RENSSELAER IRON & STEEL CO.

*(Circuit Court, S. D. New York. 1887.)*

EVIDENCE—AT FORMER TRIAL—REVERSAL AND REMAND OF CAUSE.

In an action in which a new trial has been ordered in a United States circuit court in New York, to recover damages for breach of a contract to purchase a quantity of iron which defendant refused to accept because it was not of the proper quality, the power of the court is doubted to grant a motion of defendant to be permitted before trial to take borings from pigs of iron, the property of the firm, for which plaintiff is agent, and in his possession, and to make an analysis of said borings, to be used as evidence upon the second trial, on the ground that, as the pigs were offered in evidence on the former trial, and would be offered again, they were under the control of the court.

Action for breach of contract for the sale of iron, which defendant refused to accept on account of alleged imperfections. On appeal from a verdict in plaintiff's favor, the United States supreme court reversed the judgment and remanded the cause for second trial. See 7 Sup. Ct. Rep. 958.

*J. W. Eaton, Jr.*, and *Edwin Countryman*, for the motion.

*Everett P. Wheeler*, against the motion.

SHIPMAN, J. This is a motion, in an action at law, that the defendant be permitted to take borings from three pigs of iron, now the property of the firm for which the plaintiff is agent, and in his possession, and to make an analysis of said borings, which analysis is to be used as evidence upon the next trial of said cause. Upon the former trial to the jury, the plaintiff introduced an analysis of the borings taken from said three pigs. The action is for an alleged breach of contract for the purchase of a large quantity of iron which was furnished and acceptance of which was refused, and of which these pigs are a part or sample. The amount of phosphorus which was contained in the iron is an important question of fact in the case. The defendant has other analyses taken from other samples. The ground upon which the motion is placed is that as the pigs have once been offered in evidence, and will undoubtedly be offered again, they are now, in a certain sense, under the control of the court. It is to be noticed that no authority is given by statute to the courts of common law of the United States or of the state of New York, to direct an inspection and examination of this species of personal property before trial. It is substantially conceded that, if the case had not once been tried, the motion would not be pressed. *Ansen* v. *Tuska*, 1 Rob. (N. Y.) 663; *Miner* v. *Gardiner*, 4 Hun, 132; *Cooke* v. *Lalance Manuf'g Co.*, 29 Hun, 641.

I have very serious doubts of the power of this court to make such an order before the trial, and before the articles have been offered in evidence, although they were offered upon a former trial. Upon the trial, when the articles are in court for the purposes of evidence, they will be subject, for the time being, to its direction and control. I am not clear that I have power, at the present time, to direct that the defendant shall have an inspection of the articles which are the property of the plaintiff or of his principal, and which are to become a part of his testimony in the case.

The case of *Hewitt* v. *Pigott*, 7 Bing. 400, which was a motion for the inspection of a deed which had been read upon the former trial, an inspection of which was wanted for the purpose of ascertaining its language, does not seem to be controlling. The motion is denied, with leave to renew it, if so advised, upon the trial of the case.