## BROWN *v.* WEBSTER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 160.   Submitted January 16, 1895. — Decided March 4, 1895.

The measure of damages for the purpose of jurisdiction, in an action against the grantor of real estate on the warranty of title in his deed of conveyance, is the purchase money paid with interest.

THE plaintiff below, defendant in error, bought in 1881 from the defendant below, with full warranty, a tract of land, the purchase price of which was $1200.   In 1886, one Thomas Hugh sued to recover the land in question, averring that he had a superior title to that which had been purchased and conveyed as above stated.   This action culminated in a final judgment, ousting the defendant therein from the property.   The plaintiff here, who was defendant in the suit in ejectment, then brought this suit in the Circuit Court of the United States for the District of Nebraska, to recover the sum of $6342.40 and costs.   The alleged cause of action was the sale,

the warranty, and the eviction, and the sum above mentioned was laid as the amount of damages claimed. The defendant demurred, on the ground that the court had no jurisdiction of the subject of the action, "for that it appears on the face of said amended petition that the amount in controversy herein between the plaintiff and defendant, exclusive of interest and costs, does not exceed the sum and value of $2000." A plea was subsequently filed, but by order of the court was stricken from the record. The demurrer was overruled. After answer filed, the case was submitted to the court without the intervention of a jury; judgment was thereupon rendered for the plaintiff in the sum of $2030, and the defendant brought the case here by error.

*Mr. J. H. Blair* and *Mr. H. C. Brome* for plaintiff in error.

*Mr. Frank W. Hackett* for defendant in error.

MR. JUSTICE WHITE, after stating the case, delivered the opinion of the court.

The only error complained of here is the absolute want of jurisdiction in the court below, which it is asserted is apparent on the face of the record. The argument is that the matter in dispute did not exceed $2000, exclusive of interest and costs, and hence the alleged want of jurisdiction. The demand of the plaintiff was for damages in the sum of $6000. This was the principal controversy. It is insisted, however, that, as under the law of Nebraska, damages in case of eviction involved responsibility only for the return of the price with interest thereon, and the price here was only $1200, the sum in controversy could not exceed $2000, exclusive of interest. That is to say, as the measure of the damage was price and interest, the price being below $2000, the jurisdictional amount could not be arrived at by adding the interest to the price. This contention overlooks the elementary distinction between interest as such and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand. As we have said, the

recovery sought was not the price and interest thereon, but the sum of the damage resulting from eviction. All such damage was, therefore, the principal demand in controversy, although interest and price and other things may have constituted some of the elements entering into the legal unit, the damage which the party was entitled to recover. Whether, therefore, the court below considered the interest as an instrument or means for ascertaining the amount of the principal demand, is wholly immaterial, provided the principal demand as made and ascertained was within the jurisdiction of the court. Indeed, the confusion of thought which the assertion of want of jurisdiction involves is a failure to distinguish between a principal and an accessory demand. The sum of the principal demand determines the question of jurisdiction; the accessory or the interest demand cannot be computed for jurisdictional purposes. Here the entire damage claimed was the principal demand without reference to the constituent elements entering therein. This demand was predicated on a distinct cause of action — eviction from the property bought. Thus considered, the attack on the jurisdiction is manifestly unsound, since its premise is that a sum, which was an essential ingredient in the one principal claim, should be segregated therefrom, and be considered as a mere accessory thereto.

*Judgment affirmed.*