## HOME & FOREIGN INVESTMENT & AGENCY CO., Limited, v. RAY.

(Circuit Court, N. D. Georgia.  June 26, 1895.)

JURISDICTION OF CIRCUIT COURT—JURISDICTIONAL AMOUNT.

> Suit was brought to enforce a mortgage securing a bond for $2,000 and two annual interest coupons which had been severed therefrom. The bond itself was not yet due from lapse of time, but, by its terms, became due on the nonpayment of one interest coupon. *Held*, that the coupons could not be considered as separate obligations for the purpose of making up the jurisdictional amount, and, at the same time, be regarded as interest for the purpose of maturing the bond; and that, consequently, the court was without jurisdiction.

This was a bill by the Home & Foreign Investment & Agency Company, Limited, against Lavender R. Ray, to foreclose a mortgage securing a bond with interest coupons.

Payne & Fye, for complainant.
Lavender R. Ray, pro se.

NEWMAN, District Judge. The question in this case is one of jurisdiction, by reason of the amount involved in the suit. It is a bill to foreclose a mortgage securing a bond for $2,000 and two past-due annual interest coupons for $160 each, besides interest on the coupons from maturity. The coupons have been clipped from the bonds for the purpose of leaving them in bank for collection. Suit is brought on them now, however, in connection with the bond, as to which they represent two years' interest. The defendant, a member of the bar, himself, rather as amicus curiæ, suggested to the court the question of jurisdiction, stating that there was no defense to the case, and that he desired to put in no appearance, except to bring the matter of jurisdiction to the attention of the court. The simple and sole contention for complainant is that the clipping of the coupons from the bond makes them separate obligations, and authorizes the court to consider them in making up the jurisdictional amount. The bond itself is not due. It becomes due by its terms on the nonpayment of one interest coupon. For the purpose, therefore, of making the debt due, these coupons must be considered as interest past due and unpaid on the bond. The coupons cannot be considered as interest for the purpose of maturing the debt, and as separate, distinct obligations for the purpose of giving this court jurisdiction. It is not believed that the fact, suggested in argument, that, if these coupons amounted to over $2,000, suit could be brought on them alone, affects the question in any way. Suit on them here is in connection with the bond on which they are interest, and as, under the terms of the acts of 1887 and 1888, the amount involved must be $2,000, exclusive of interest and costs, it is not believed that the suit in this case is for the necessary jurisdictional amount.

Cited for complainant as to separate obligations: Bernheim v. Birnbaum, 30 Fed. 885; Walnut v. Wade, 103 U. S. 696; Granniss v. Cherokee Tp. of York Co., 47 Fed. 429; Moore v. Town Council

of Edgefield, 32 Fed. 501; Peeler's Adm'x v. Lathrop, 1 C. C. A. 93, 48 Fed. 786. As to coupons, and effect of same, see, also, Howard v. Bates Co., 43 Fed. 277.