## CONTINENTAL CASUALTY CO. v. SPRADLIN.

(Circuit Court of Appeals, Fourth Circuit. February 18, 1909.)

No. 752.

1. APPEARANCE (§ 20*)—EFFECT—WANT OF SERVICE.

Where defendant enters a general appearance in an action, want of service of process is cured.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 91; Dec. Dig. § 20.*]

2. COURTS (§ 328*)—FEDERAL COURTS—AMOUNT IN CONTROVERSY.

Where defendant refused to pay the amount due on an accident policy providing for payment of $2,000 in case of assured's accidental death, and there was no contract for interest in the policy, interest was not a mere incident or accessory to the matter in dispute in an action in a federal court in assumpsit for $3,000 damages for defendant's failure to perform, but constituted, with the amount of the policy, aggregate damages for the breach; and hence the action involved a sum in excess of $2,000, exclusive of interest and costs, and was within federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 896; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

In Error to the Circuit Court of the United States for the Western District of Virginia, at Lynchburg.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lucian H. Cocke and John M. Hart (Menton Maverick, on the brief), for plaintiff in error.

M. H. Altizer and R. E. Scott, for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD and DAYTON, District Judges.

PER CURIAM. This case presents two points: The one upon motion to dismiss for want of service of process to bring the plaintiff in error—the defendant below—into court; the other a plea to the jurisdiction, because of the amount involved in the controversy, it being insisted by the plaintiff in error that said amount, as appears by the declaration, does not exceed $2,000, exclusive of interest and costs.

As to the first point, the record shows that before the same was raised the plaintiff in error, by its attorney, had entered a general appearance to the action. By such appearance want of service was waived, and there is no merit in the assignment of error in this respect.

As to the other point, we are also of opinion that the Circuit Court committed no error in entertaining jurisdiction. The action is in assumpsit for breach of contract of assurance, and defendant in error—plaintiff below—lays her damages in $3,000, and demands judgment for this sum. The cause of action is a policy of insurance issued by the plaintiff in error contracting to pay the defendant in error, the beneficiary in said policy, the sum of $2,000 in case her son, R. D. Spradlin, should receive personal bodily injuries purely from accidental causes within a year from the date of the issuance of the policy, which injuries should solely and independently of all other causes result in the death of the said R. D. Spradlin within 90 days from the date of the accident. The declaration alleges accidental bodily injuries to the assured and his death therefrom within the time specified. There is further allegation of proof of death made to the plaintiff in error as required by the terms of the policy, and refusal of plaintiff in error to pay. This suit was then brought in the Circuit Court, demanding, as stated, damages in the sum of $3,000 for the breach. On the trial the jury rendered a verdict for $2,438.

The exception of the plaintiff in error is upon the ground that the declaration discloses $2,000 as the principal demand, and that this should oust the jurisdiction; the further proposition being that amount alleged and recovered above $2,000 was interest. We do not agree to this proposition. There was no contract for interest in this policy. The action is in assumpsit for damages for failure to perform. The interest, therefore, was not a mere incident or accessory to the amount demanded, but constituted, together with the amount set out in the policy, aggregate damages for the breach. We think Brown v. Webster, 156 U. S. 328, 15 Sup. Ct. 377, 39 L. Ed. 440, settles this point.

There is no error, and the judgment of the Circuit Court is affirmed. Affirmed.