### HOWARD v. CARROLL.

(District Court, D. Maryland. April 19, 1912.)

1. **COURTS (§ 329\*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.**

Where plaintiff's statement of his case shows that he cannot recover as much as the jurisdictional minimum, the federal court must not hear the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.\*]

2. **COURTS (§ 328\*)—FEDERAL JURISDICTION—AMOUNT IN CONTROVERSY—ATTORNEY'S FEES.**

An attorney's fee contracted to be paid by the maker of a note stipulating for interest, and costs of collection, including an attorney's fee, is a part of the amount in controversy, where the declaration in an action on the note asserts that the principal of the note and the attorney's fee is in controversy, and the court in determining the amount in controversy must take into consideration the amount of the attorney's fee.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.\*]

3. **COURTS (§ 329\*)—FEDERAL JURISDICTION—AMOUNT IN CONTROVERSY—ATTORNEY'S FEES.**

A declaration in an action on a Georgia note for $3,000, with an attorney's fee of 10 per cent. if collected by law, which demands judgment for $3,300, but which does not allege that plaintiff before suit gave any notice in writing of his intention to sue, as required by Civ. Code Ga. 1910, § 4252, states a cause of action within the jurisdiction of a federal court under the rule that plaintiff's allegations of value govern in determining jurisdiction, except where on the face of the pleading it is not legally possible for him to recover the jurisdictional amount, since the declaration merely fails to show affirmatively that a jurisdictional amount can be recovered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.\*

Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Stove Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Kelpner, 100 C. C. A. 288.]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Laura Warren Howard against Margaret A. Carroll. Demurrer to declaration overruled.

William Pepper Constable and George Winship Taylor, for plaintiff. Albert S. J. Owens, for defendant.

ROSE, District Judge. The promissory note sued on in this case was made in Atlanta, Ga. By its terms it is there payable. The defendant promised 12 months after date to pay $3,000, with interest, "with all costs of collection, including 10 per cent. as attorney's fee if collected by law or through an attorney at law." The declaration asserts that there is $3,300 in controversy, viz., the principal of the note and a 10 per cent. attorney's fee. The defendant demurs on the ground that the declaration on its face discloses that in legal contemplation the amount in controversy does not exceed $3,000, exclusive of interest and costs.

[1] Where the plaintiff's statement of his own case shows that he cannot in any event recover as much as the jurisdictional minimum, the court must not hear the case. Vance v. Vandercook, 170 U. S. 438, 18 Sup. Ct. 674, 42 L. Ed. 1100.

[2] It has been held that an attorney's fee contracted to be paid by the defendant is not a part of the costs, as the latter word is used in the statutes defining the jurisdiction of the courts of the United States. Such a fee constitutes a part of the amount in controversy. Rogers v. Riley (C. C.) 80 Fed. 759. Such sum would be a part of the damages for nonperformance of the contract. If it is, it must in determining what the amount of the controversy is be taken into the reckoning. Brown v. Webster, 156 U. S. 328, 15 Sup. Ct. 377, 39 L. Ed. 440; Continental Casualty Co. v. Spradlin (C. C. A. 4 Cir.) 170 Fed. 322, 95 C. C. A. 112.

[3] Defendant replies that, conceding so much, nevertheless the declaration does not show that the plaintiff is entitled to recover this attorney's fee or any part of it. Section 4252 of Georgia Code of 1910 declares that:

"Obligations to pay attorneys' fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorneys' fees unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same; provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing ten days before suit is brought of his intention to bring suit and also the term of court to which suit shall be brought."

The declaration does not allege that the plaintiff before suit brought gave any notice in writing of his intention to sue. The defendant contends that, unless such allegation is made, the attorney's fee cannot be collected in this case, and it is therefore not a part of the amount in controversy therein. He relies on such authorities as Saunders on Pleading & Evidence (2d Ed.) 151; 1 Evans' Harris, 3; 1 Poe's Pleading & Practice, §§ 565, 566; Renfroe v. Shuman, 94 Ga. 153, 21 S. E. 375. In Vance v. Vandercook, supra, the declaration on its face affirmatively showed that the jurisdictional amount could not be recovered. This declaration merely fails to show af-

firmatively that such amount can be recovered. I think that this case is ruled by Upton v. McLaughlin, 105 U. S. 640, 26 L. Ed. 1197; Schunk v. Moline, 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255; Smithers v. Smith, 204 U. S. 642, 27 Sup. Ct. 297, 51 L. Ed. 656. In the last case it is held:

"The rule that the plaintiff's allegations of value govern in determining the jurisdiction, except where upon the face of his own pleadings it is not legally possible for him to recover the jurisdictional amount, controls even where the declarations show that a perfect defense might be interposed to a sufficient amount of the claim to reduce it below the jurisdictional amount."

The demurrer must therefore be overruled.