## VOORHEES v. ÆTNA LIFE INS. CO.

(District Court, D. New Jersey. April 24, 1918.)

COURTS &⪰32S(9)—FEDERAL COURTS—JURISDICTIONAL AMOUNT—INTEREST.

Where a life policy, which made no provision for payment of interest, entitled the beneficiary to $3,000, the federal District Court cannot, despite diversity of citizenship of the parties, entertain jurisdiction, under Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. 1916, § 991), of an action by the beneficiary, who demanded the sum of $3,000, with interest, for as any recovery of interest would be incidental to the recovery of the principal sum of $3,000, and would be allowed merely as compensation for withholding of the same, an amount in excess of $3,000, exclusive of interest and costs, was not involved.

At Law. Action by Harriet F. Voorhees against the Ætna Life Insurance Company, begun in state court and removed to the federal court. On motion to remand for want of jurisdictional amount in controversy. Motion granted.

Harris & Harris, of Camden, N. J., for plaintiff.

Chester N. Farr, Jr., of Philadelphia, Pa., and Norman Grey, of Camden, N. J., for defendant.

DAVIS, District Judge. Proceedings in the above-stated cause were instituted in the New Jersey Supreme Court, the venue being laid in Camden county. The defendant, a citizen of the state of Pennsylvania, had the cause removed into this court, whereupon plaintiff filed petition to remand to the New Jersey Supreme Court, on the ground that "the matter in controversy does not exceed $3,000, exclusive of interest and costs." There is no question about the diverse citizenship of the parties, and the sole question before the court is whether or not "the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $3,000." It is provided in section 24 of the Judicial Code that:

&⪰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The District Courts shall have original jurisdiction * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * is between citizens of different states."

The complaint contains the following demand:

"Plaintiff, as beneficiary, demands $3,000 with interest thereon."

The action is based on an insurance policy, wherein it was provided that each consecutive full year's renewal of said policy, if paid annually in advance should add 10 per centum to the principal sum insured, until such accumulations should amount to 50 per cent. of said principal sum, and thereafter, so long as said policy was maintained in force, the amount insured should be for the original principal sum, plus the accumulation. It is alleged in the said complaint:

"That the said Harrison H. Voorhees annually in advance paid the premium on said policy (which was for $3,000) from the date thereof (June 29, 1904), until June 29, 1916, including the premium due on that day in advance."

There was, therefore, due as principal on the policy of insurance, if the defendant is liable at all, $3,000, which the company failed and refused to pay.

The policy in question does not provide for interest. If the demand of the plaintiff exceeds $3,000, exclusive of interest and costs, within the meaning of the statute, the motion to remand must be granted. If it does not, the motion must be denied. It becomes necessary, therefore, to determine the amount "in controversy." What is meant by the word "interest" in the plaintiff's demand? If the interest demanded is a constituent, independent element, entering into the legal unit and forming part of the principal demand in controversy, the matter in controversy exceeds $3,000, exclusive of interest and costs. If the "interest" is merely an accessory demand, the amount in controversy does not exceed $3,000, exclusive of interest and costs. The defendant relies upon the cases of Brown v. Webster, 156 U. S. 328, 15 Sup. Ct. 377, 39 L. Ed. 440, and Continental Casualty Co. v. Spradlin, 170 Fed. 322, 95 C. C. A. 112.

The former case is controlling, unless the case at bar is distinguishable from it. That case grew out of a contract for the sale of land by Webster to Brown with full warranty for $1,200. Subsequently one Hugh, averring superior title, instituted proceedings against Brown which culminated in final judgment ousting him from the property. Whereupon Brown brought suit against Webster, not on the contract of sale for the purchase price and interest thereon, but for damages based on the wrongful "sale, the warranty, and the eviction," and the sum of $6,342.40 and costs were claimed as the amount of damages sustained by him. The court, speaking through Mr. Justice White, said:

"The recovery sought was not the price and interest thereon, but the sum of the damage resulting from eviction. All such damage was, therefore, the principal demand in controversy, although interest and price and other things may have constituted some of the elements entering into the legal unit, the damage which the party was entitled to recover. * * * Indeed, the confusion of thought which the assertion of want of jurisdiction involves

is a failure to distingush between a principal and an accessory demand. * * * Here the entire damage claimed was the principal demand without reference to the constituent elements entering therein."

If the recovery sought had been only the "price and interest thereon," even though that "price" had been $2,000 (at that time the amount to be exceeded to give federal courts jurisdiction) the "interest thereon" would have been an accessory demand, and not a constituent element entering into the principal demand. Simmons v. Mutual Reserve Fund Life Association (C. C.) 114 Fed. 785, 788.

The Circuit Court of Appeals for the Fourth Circuit followed Brown v. Webster in the case of Continental Casualty Co. v. Spradlin, supra. The suit in the latter case grew out of an insurance policy similar to the one involved in the case at bar. The company contracted to pay the beneficiary in said policy the sum of $3,000 in case her son, R. D. Spradlin, should receive personal bodily injuries purely from accidental causes within a year from the date of issuance, which injuries, solely and independently of all other causes, resulted in his death. Such injuries were received and death resulted. The company refused to pay. There was no contract to pay interest in the policy. The plaintiff did not sue for the $3,000, the amount due, "the price" and interest thereon, but "for breach of contract of assurance," and laid "her damages in $3,000," and demanded judgment for that sum. The court said:

"The action is in assumpsit for damages for failure to perform. The interest, therefore, was not a mere incident or accessory to the amount demanded, but constituted, together with the amount set out in the policy, aggregate damages for the breach."

This case stretches the principle of Brown v. Webster almost to breaking. In this case, so far as can be discovered from the opinion, there is no ground for the damages demanded, except the delayed payment, and such damages are adequately measured, as a general rule, by legal interest, which is called by some courts and writers "moratory interest." The form of the action, rather than the substance, seems to be the basis of jurisdiction in Casualty Co. v. Spradlin. There seems to be nothing but amount of the policy and "moratory interest" constituting the elements of damage in this case, while in Brown v. Webster there was price, interest, eviction, and "other things," for all of which interest simply might be a very inadequate measure of damages. So far as the facts appear, demand might have been made for the amount of the policy, $3,000, and interest thereon, in which case federal jurisdiction could not have been maintained. Simmons v. Life Associaton, supra.

In the suit under consideration, the "plaintiff as beneficiary demands $3,000, with interest thereon." Since the insurance policy upon which suit is based does not provide for interest, the plaintiff is in fact asking for "moratory interest." Is this such interest as is contemplated by, and embraced within the meaning of, the statute?

When money is promised to be paid on a day certain, or upon the happening of a particular event, in default of payment, courts in this country as a matter of natural justice allow interest from the time

payment should have been made until it is made. This also seems to be the law in Scotland, but not in England, although some of its able jurists feel that it should be the law there. Lord Chancellor Herschell, in the case of London, Chatham & Dover Ry. Co. v. Southeastern Ry. Co. [1893, English] App. Cas. 429, a suit for the settlement of a dispute over traffic and division accounts, said:

"I confess that I have considered this part of the case with every inclination to come to a conclusion in favor of the appellants, to the extent, at all events, if it were possible, of giving them interest from the date of action, and for this reason: That I think that when money is owing from one party to another, and that other is driven to have recourse to legal proceedings in order to recover the amount due to him, the party who is wrongfully withholding the money from the other ought not in justice to benefit by having that money in his possession and enjoying the use of it, when the money ought to be in the possession of the other party, who is entitled to its use. Therefore, if I could see my way to do so, I should certainly be disposed to give the appellants, or anybody in a similar position, interest upon the amount withheld from the time of action brought, at all events. But I have come to the conclusion, upon a consideration of the authorities, agreeing with the court below, that it is not possible to do so, although, no doubt, in early times the view was expressed that interest might be given under such circumstances by way of damages."

Lord Watson, in the same case, at page 442, said:

"I regret that I am unable to differ from your lordships upon the question whether interest could be given in this case by way of damages. I think it clearly cannot, for the reasons which have been sufficiently expressed by the Lord Chancellor and by the learned judges of the Appeal Court. To my mind, the state of the law as settled by statutes and decisions is not altogether satisfactory."

Lord Shand, at page 443, said:

"That being the state of matters, I confess that I have looked with very great anxiety to the possibility under the law of England, as I have heard it argued, of giving interest in this case, for I cannot help thinking that a gross injustice is the result of withholding it. It appears to me that it is a defective state of the law that one party should be entitled to retain a large sum, such as this (it might have been a smaller sum, but the principle would be the same; it strikes one more forcibly when you come to deal with such sums as this), by simply creating delay in furnishing the requisite accounts and by refusing payment. * * * I shall only add that I regret that the law of this country in regard to the running of interest is not like the law of Scotland, with which I am more familiar. In that country it is the common and ordinary practice, in bringing an action for money which is due, to conclude, not only for the payment of that money, but for the payment of interest upon it from the date of citation or service of the summons; and interest is decreed as a matter of course on whatever balance is found to be due. I may even say that it is a rule which has received general effect that, where money is shown to have been due and to have been demanded, interest runs if the demand or request of payment is not acceded to. That is the case, even although too large a sum may have been demanded. If it be found that a sum short of what was demanded is due, still the law gives interest, unless the amount really due has been tendered."

Courts do not always agree upon the theory upon which interest under such circumstances is allowed:

"It has been held in a number of cases that where a definite contract exists for the payment of money at a fixed date, and there is a breach of such contract, the law raises an implied promise to pay interest on the sum due." 22 Cyc. 1492.

"Although, in some cases of breach of contract to pay money, interest has been allowed thereon on the ground of an implied contract to pay interest that arises from the failure to pay the principal, the general rule established by the great weight of authority is that where there is a contract, express or implied, to pay money, even though such contract is silent as to interest, interest will be allowed upon its breach, as damages, and not because of any promise to pay it." 22 Cyc. 1495.

Sedgwick on Damages (8th Ed.) vol. 1, § 292, says:

"The American cases look upon the interest as the necessary incident, the natural growth of the money, and therefore incline to give it with the principal; while the English courts treat it as something distinct and independent, and only to be had by virtue of some positive agreement or statute."

Extracts from a few cases will suffice to show how such interest is regarded in the federal courts generally. Judge Putnam, of the First Circuit, in the case of Nashua & Lowell R. Corp. v. Boston & Lowell R. Corp., 61 Fed. 237, 251 (9 C. C. A. 468), said:

"Indeed, in the United States the active use of money is so general, the holding of it as a special deposit, so that there is no increment, is so rare, that to refuse a plaintiff or complainant interest on money unjustly detained does ordinarily a double injury; it deprives him of the increase to which he was justly entitled, and it violates, in behalf of the defendant, a fundamental maxim of equity, by allowing him to take advantage of his own wrong."

Mr. Justice Grier, in the case of Curtis et al. v. Innerarity et al., 6 How. (47 U. S.) 146, 154 (12 L. Ed. 380), said:

"It is a dictate of natural justice, and the law of every civilized country, that a man is bound in equity, not only to perform his engagements, but also to repair all the damages that accrue naturally from their breach. Hence every nation, whether governed by the civil or common law, has established a certain common measure of reparation for the detention of money not paid according to contract, which is usually calculated at a certain and legal rate of interest. Every one who contracts to pay money on a certain day knows that, if he fails to fulfill his contract, he must pay the established rate of interest as damages for his nonperformance. Hence it may correctly be said that such is the implied contract of the parties."

Mr. Justice Field, in the case of Lincoln v. Claflin, 7 Wall. (74 U. S.) 132, 139 (19 L. Ed. 106), said:

"Interest is not allowable as a matter of law, except in cases of contract, or the unlawful detention of money. In cases of tort, its allowance as damages rests in the discretion of the jury."

Mr. Justice Davis, in the case of Young v. Godbe, 15 Wall. (82 U. S.) 562, 565 (21 L. Ed. 250) said:

"If a debt ought to be paid at a particular time, and is not, owing to the default of the debtor, the creditor is entitled to interest from that time by way of compensation for the delay in payment."

In the case of Atlantic Phosphate Co. v. Grafflin, 114 U. S. 492, 499, 5 Sup. Ct. 967, 971 (29 L. Ed. 221), Mr. Justice Blatchford said:

"There having been a contract of sale, by mutual assent, and the contract having been executed by the vendor, by the delivery of the goods, the liability of the vendee to pay for them on delivery, in the absence of other terms, accrued, and the law raises an implied contract to pay interest, from delivery, on the purchase money, which was liquidated by the terms of the invoices in the name of the plaintiff, received and retained by the defendant."

Mr. Justice White, now Chief Justice, in the case of Edwards v. Bates County, 163 U. S. 269, 272, 16 Sup. Ct. 967, 969 (41 L. Ed. 155), holding that matured coupons are to be treated as separable independent promises, and not as interest due on the bond, said:

"Not only may a suit be maintained upon an unpaid coupon, in advance of the maturity of the principal debt, but the holder of a coupon is entitled to recover interest thereon from its maturity."

In a suit to recover excessive premiums alleged to have been exacted by, and paid to, a life insurance company, in the case of Simmons v. Mutual Reserve Fund Life Association, supra, Judge Newman said:

"It will be seen that this suit is for $2,000 and interest. This, of course, would be insufficient to give the court jurisdiction."

This was when the amount in dispute had to exceed $2,000, exclusive of interest and costs, to give federal courts jurisdiction. The demand, as stated by Judge Newman, is identical with that in the case at bar.

The case of Gilson v. Mutual Reserve Fund Life Association (C. C.) 129 Fed. 1003, was a suit to recover dues and assessments amounting to $1,827.25, together with interest, all of which amounted to $2,346.-50. Judgment was demanded "for the sum of $2,346.50." It was held that the fact that interest was added to the principal did not change it to principal, so as to justify the removal of the cause into the federal court. "Interest is allowed by way of damages for the detention of the debt, as a recompense for the forbearance of payment." Scudder v. Morris, 3 N. J. Law, 419, 4 Am. Dec. 382. See 22 Cyc. 1491–1499, for further state and federal citations.

It will thus be seen that, regardless of the theory on which such payment is allowed, whether as an implied contract or as damages for non-payment, courts everywhere in this country call it interest, and allow such payments as interest. I cannot bring myself to the conclusion that Congress, when it used the term "interest" in defining the amount necessary to give federal courts jurisdiction, meant to exclude payments which the courts have long since regarded as interest, and as incidental to the primary demand. I have not been able to find a single case, based upon contract to pay money, with or without interest, not exceeding in amount the sum or value necessary to give federal courts jurisdiction on a certain day, or upon the happening of an event, and the demand has been made for that amount only and interest thereon, of which a federal court has taken and maintained jurisdiction.

The cases cited by defendant were for damages, and the demand was for a sum giving the federal court jurisdiction; the interest being regarded as a constituent element of the principal demand. This is not the case at bar. In the one case, the suit is for damages growing out of a contract in which "moratory" interest is a constituent element, and which, with other things, make up the jurisdictional amount demanded; in the other, the suit is for the contract price only and interest thereon.

It follows that the cause must be remanded.