## A. H. MARSHALL CO., Inc., v. BUICK MOTOR CO.

(District Court, N. D. New York. June 29, 1918.)

Courts ⚖➔329—Federal Courts—Jurisdiction—Amount in Controversy.
    Where plaintiff demanded recovery of a sum less than $3,000, with interest from the date of accrual, the federal court is without jurisdiction, though claim, with interest from the time of accrual, would exceed $3,000, for the demand for interest is a demand for interest as such, and not an interest calculation as a means of arriving at the amount of damages to be awarded on the principal demand.

At Law. Action by the A. H. Marshall Company, Incorporated, against the Buick Motor Company, begun in the state court and removed to the federal court. On motion to remand. Motion granted.

Motion to remand case from the United States District Court, Northern District of New York, to the Supreme Court of the state of New York, Clinton county, from which court it was removed to this court. The claim of the plaintiff is that the matter in controversy, exclusive of interest and costs, does not exceed the sum or value of $3,000, but amounts to the sum of $2,936.10 only. Diversity of citizenship is conceded.

Weeds, Conway & Cotter, of Plattsburg, N. Y., for plaintiff.
John Thomas Smith, of New York City, for defendant.

RAY, District Judge. The plaintiff's complaint sets out two causes of action. The first cause of action sets out a contract with the defendant by which defendant was to sell and deliver to the plaintiff certain cars of its make at certain prices, and plaintiff agreed to establish an agency for the sale of such cars and engage in selling

same, and was to receive from defendant a graduated increasing compensation, depending on the number of cars sold. The plaintiff ordered the cars, fully complied with the contract on its part in all respects, and actually sold cars which the defendant refused to deliver or furnish to plaintiff, as it had agreed to do. The complaint alleges that defendant refused to deliver cars for the purpose of keeping plaintiff's sales within certain limits, and thereby depriving the plaintiff of the additional commissions or compensation to which it would have been entitled from defendant if such cars had been actually received from defendant and sold and delivered by plaintiff to third persons. The amount of such compensation to which plaintiff was entitled, if the defendant had performed on its part, is stated. This cause of action then alleges:

"Twelfth. That because of defendant's refusal and failure to deliver and ship to the plaintiff the 3 four-cylinder cars and the 43 six-cylinder cars, sold to it, as above alleged, and its failure and refusal to pay the plaintiff the additional discount, credit, and compensation earned and to which it is justly entitled under said contracts, and because of the sale of said cars, the plaintiff has been damaged and has suffered a loss of $1,769.10, which amount is justly due and owing to the plaintiff from the defendant.

"Thirteenth. Before the commencement of this action, the plaintiff duly demanded of the defendant the amount so due and unpaid of $1,769.10, but the defendant has failed and refused to pay the same, or any part thereof."

This cause of action in substance states that such commissions or compensation would have been and was due July 1, 1917.

The second cause of action alleges that for three years it had the exclusive agency for the sale of the Buick cars in counties named under yearly contracts expiring June 30 each year; that about July 1, 1917, the defendant, to induce plaintiff to continue its efforts to sell defendant's cars in said territory and to continue its subagent salesmen, etc., all of which entailed large expense, agreed with plaintiff that it would renew its sales agency contracts in the same territory for another year on the same basis as before, giving 20 per cent. off the list price for four-cylinder cars if more than 95 were sold, and 25 per cent. off on six-cylinder cars if more than 150 were sold, in such territory during the year; that, relying on such agreement, plaintiff did continue his efforts while awaiting the delivery of the contracts and sold 6 four-cylinder cars; that defendant delivered and shipped to plaintiff 3 of the four-cylinder cars and 4 of the six-cylinder cars, and refused to ship the others; that those shipped were billed at too high a price, with a sight draft attached, which plaintiff was compelled to pay and did pay in order to obtain the cars; that in August, 1917, plaintiff was notified by defendant that it repudiated its agreement to renew, and also refused to ship more cars; that plaintiff was at all times ready and willing and able to perform on its part. This cause of action then alleges:

"Tenth. By reason of the facts above set forth in this cause of action, the plaintiff became entitled to receive from the defendant, and the defendant obligated to deliver and ship to the plaintiff, the three model E-4-35, one model E-6-45, and one model E-6-49, so sold to the plaintiff and duly ordered by it, and the defendant became indebted to the plaintiff for the full discount commission and compensation earned by the sale of said cars, which

was 20 per cent. of the list or sale price of the four-cylinder cars and 25 per cent. of the list or sale price of the six-cylinder cars, and which together amounts to $1,167, no part of which has been paid, although payment thereof has been duly demanded before the commencement of this action."

The complaint demands judgment as follows:

"Wherefore the plaintiff demands judgment against the defendant for $1,769.10, the amount claimed in the first cause of action. and $1,167, the amount claimed in the second cause of action, together with interest thereon from July 1, 1917, besides the costs of this action."

This last cause of action alleges mutual agreement to enter into a written contract for the performance of work and labor involving the expenditure of time and money in selling automobiles, the compensation to be paid by way of a discount commission, and a part performance by each party, whereby plaintiff earned and has due him from defendant commissions on the cars sold by him amounting to $1,167, for which judgment is demanded, as we have seen, with interest from July 1, 1917. The compensation agreed on for the work and labor done and sales commissions earned prior to July 1, 1917, when same became due and payable, is alleged to be $1,769.10.

If the allegations of the first cause of action are true defendant became indebted to plaintiff July 1, 1917, in the sum of $1,769.10, and, as this indebtedness was not paid, plaintiff is entitled to interest thereon from that date, in addition to the amount of the debt, and by way of damages for retention of money due the plaintiff. Under the facts stated in the second cause of action the plaintiff, on the same theory, will be entitled to interest from the time the $1,167 became due. There was no contract or agreement to pay interest in either case, except such as is implied from a retention of money due for services performed under the terms of a valid contract, and which some of the cases say is recoverable by way of damages for retention of money due.

The principal sum sued for is $1,769.10 under the first cause of action, and $1,167 under the second cause of action, and judgment for these sums of money, amounting to $2,936.10, "together with interest thereon from July 1, 1917," is demanded. The action was commenced February 27, 1918, and the interest demanded then amounted to over $102.76 making the amount demanded, and actually in controversy as fixed by the demand, over $3,038.86; but, excluding the interest, the amount or sum in controversy is less than $3,000. There is no general allegation of damage in a certain sense. The first cause of action (paragraph twelfth) says:

"That because * * * the plaintiff has been damaged and has suffered a loss of $1,769.10, which amount is justly due and owing to the plaintiff from defendant."

It seems to me this is the sum or amount in controversy under the first cause of action. This is the damage there alleged. The second cause of action is equally specific as to the amount due and owing and sued for, viz.:

"And which together amounts to $1,167, and no part of which has been paid, although payment thereof has been duly demanded before the commencement of this action."

In Brown v. Webster, 156 U. S. 328, 15 Sup. Ct. 377, 39 L. Ed. 440 (in effect approved in Springstead v. Crowfordsville State Bank, 231 U. S. 541, 34 Sup. Ct. 195, 58 L. Ed. 354, although there the question of interest was not involved), it is held:

"The measure of damages for the purpose of jurisdiction, in an action against the grantor of real estate on the warranty of title in his deed of conveyance, is the purchase money paid with interest."

In that case defendant sold the land to plaintiff with covenant and warranty of title. One Hugh claimed superior and paramount title, and brought and successfully maintained ejectment, and plaintiff thereupon sued his grantor for damages. Under the law of the state of Nebraska, where the cause of action arose, damages and recovery against the grantor in such case are limited to recovery of the price paid, with interest; that is, the damages are made up of two items, the price paid for the land and interest thereon. The Supreme Court, by Mr. Justice White, said:

"The argument is that the matter in dispute did not exceed $2,000, exclusive of interest and costs, and hence the alleged want of jurisdiction. The demand of the plaintiff was for damages in the sum of $6,000. This was the principal controversy. It is insisted, however, that as, under the law of Nebraska, damages in case of eviction involved responsibility only for the return of the price, with interest thereon, and the price here was only $1,200, the sum in controversy could not exceed $2,000, exclusive of interest; that is to say, as the measure of the damage was price and interest, the price being below $2,000, the jurisdictional amount could not be arrived at by adding the interest to the price. This contention overlooks the elementary distinction between interest as such and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand. As we have said, the recovery sought was not the price and interest thereon, but the sum of the damage resulting from eviction. All such damage was, therefore, the principal demand in controversy, although interest and price and other things may have constituted some of the elements entering into the legal unit, the damage which the party was entitled to recover. Whether, therefore, the court below considered the interest as an instrument or means for ascertaining the amount of the principal demand, is wholly immaterial, provided the principal demand, as made and ascertained, was within the jurisdiction of the court. Indeed, the confusion of thought which the assertion of want of jurisdiction involves is a failure to distinguish between a principal and an accessory demand. The sum of the principal demand determines the question of jurisdiction; the accessory or the interest demand cannot be computed for jurisdictional purposes. Here the entire damage claimed was the principal demand, without reference to the constituent elements entering therein. This demand was predicated on a distinct cause of action—eviction from the property bought. Thus considered, the attack on the jurisdiction is manifestly unsound, since its premise is that a sum, which was an essential ingredient in the one principal claim, should be segregated therefrom, and be considered as a mere accessory thereto."

It will be noted that the court expressly says:

"The sum of the principal demand determines the question of jurisdiction; the accessory or the interest demand [when it is accessory, of course] cannot be computed for jurisdictional purposes."

The court held, however, in that case that interest was a constituent element entering into the entire damage sustained by reason of the eviction.

In Continental Casualty Co. v. Spradlin, 170 Fed. 322, 95 C. C. A. 112 (C. C. A. 4th Circuit), the defendant refused to pay the amount due on an accident policy of insurance of $2,000. The plaintiff sued in assumpsit for breach of contract on the policy, and laid her damages in the sum of $3,000, and demanded judgment for that sum. The policy of insurance was silent on the question of interest. The court said:

"The exception of the plaintiff in error is upon the ground that the declaration discloses $2,000 as the principal demand, and that this should oust the jurisdiction; the further proposition being that amount alleged and recovered above $2,000 was interest. We do not agree to this proposition. There was no contract for interest in this policy. The action is in assumpsit for damages for failure to perform. The interest, therefore, was not a mere incident or accessory to the amount demanded, but constituted, together with the amount set out in the policy, aggregate damages for the breach. We think Brown v. Webster, 156 U. S. 328, 15 Sup. Ct. 377, 39 L. Ed. 440, settles this point."

The case would seem to have been decided on the proposition that interest was a mere item of damages, and not provided for in the contract of insurance, and therefore not a mere incident or accessory of the amount demanded.

In the instant case two specific and specified sums are alleged to be due the plaintiff, and are sued for and judgment therefor specifically demanded, "together with interest thereon from July 1, 1917," the date when claimed to have become due the plaintiff. I think this demand for interest on the sums specifically named is a demand for "interest as such," and not "an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand." It seems to me the sum of the principal demand in this case is $1,769.10 plus $1,167, or $2,936.10, and, as said by Mr. Justice White, that:

"The sum of the principal demand determines the question of jurisdiction; the accessory or the interest demand cannot be computed for jurisdictional purposes."

If the sums named are the principal demands, then the interest on such sums demanded in the prayer for judgment is a mere accessory demand, and cannot be computed and added thereto for jurisdictional purposes.

The motion to remand must be granted.