## SECURITY MUT. LIFE INS. CO. v. HARWOOD.

(Circuit Court of Appeals, First Circuit. April 22, 1926. On Rehearing December 18, 1926.)

No. 1907.

1. Courts ⬅405(2).

Though there is no plea to jurisdiction, it is duty of Circuit Court of Appeals to determine in first instance whether or not District Court had jurisdiction.

2. Courts ⬅328(9)—Action between citizens of different states to recover insurance premiums, amounting to $3,000 only by computing interest, held not within jurisdiction of federal court (Judicial Code, § 24, subd. 1 [Comp. St. § 991]).

Action between citizens of different states to recover insurance premiums, amounting to $1,945.80, and with interest to over $3,000, *held* not within jurisdiction of federal court under Judicial Code, § 24, subd. 1 (Comp. St. § 991).

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Action by Peter M. Harwood against the Security Mutual Life Insurance Company. Judgment for plaintiff, and defendant brings error. Case dismissed and remanded, with directions to dismiss without prejudice.

A. E. Pillsbury and G. M. Palmer, both of Boston, Mass., for plaintiff in error.

F. H. Nash, of Boston, Mass. (Charles F. Choate, Jr., of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. In this action the defendant in error recovered a judgment for the premiums, with interest, paid upon a policy of life insurance, in which the company promised to pay $3,000 in the event of his death during the term of his "probable life," which, at his age, was 23 years.

The amount of each annual premium was $84.60. The first was paid on March 20, 1900, when the policy was issued, and the last on March 20, 1922.

The ground upon which the insured claimed to recover the premiums which he had paid, with interest from the date of payment, was that there was a mutual mistake of the parties to the contract of insurance, by reason of which the policy never had any force or validity, and therefore that the insured was entitled to recover the amount of premiums which he had paid upon the same, together with interest from the date of each payment, amounting in all to $3,358.77.

He contended that the policy was issued and received by him with the understanding that it was a life policy, and not a renewable term policy. The District Judge construed the policy to be a renewable term policy, and upon the issues submitted to them the jury returned a verdict in favor of the insured. [1] Although there was no plea to the jurisdiction, yet it is our duty sua sponte to determine, in the first instance, whether the District Court had jurisdiction or not.

[2] Under chapter 2, § 24, par. 1, of the Judicial Code (Comp. St. § 991), the jurisdiction of the District Court in a suit between citizens of different states is made to depend upon the matter in controversy exceeding, "exclusive of interest and costs, the sum or value of $3,000."

The premiums which the defendant in error claimed to recover were for the sum of $84.60 each, paid at 23 different times. Exclusive of interest, these payments amount to $1,945.80, and, with interest, they amount to $3,358.77, for which, with interest from the date of the writ, judgment was rendered in the court below.

The defendant in error, appreciating that the question of jurisdiction is involved, has cited the case of Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155, in support of his claim that the interest due on each payment was itself part of the matter in dispute.

In that case, however, the question was whether matured coupons should be included under the term "interest" in a suit involving the principal of the bonds, and the Supreme Court there held that each matured coupon was an original obligation, independent of the bond to which it was attached.

In Brown v. Webster, 156 U. S. 328, 15 S. Ct. 377, 39 L. Ed. 440, Continental Casualty Co. v. Spradlin, 170 F. 322, 95 C. C. A.

112, and Central Commercial Co. v. Jones-Dusenbury Co., 251 F. 13, 163 C. C. A. 263, damages were claimed for a breach of a contract, and interest was held to be one of the elements of damage, and not accessory or incidental to the principal sum demanded.

Under the count in the instant case, which was held good, the plaintiff sought to recover specific sums paid by him as premiums at different times, with interest thereon; interest being accessory and incidental to the sums thus paid. To add it to the specific sums paid as premiums, in order to give the District Court jurisdiction, is clearly in violation of the statute. Moore v. Town of Edgefield (C. C.) 32 F. 498; Home & Foreign Investment Co. v. Ray (C. C.) 69 F. 657; Greene County v. Kortrecht, 81 F. 241, 26 C. C. A. 381; Voorhees v. Ætna Life Ins. Co. (D. C.) 250 F. 484; A. H. Marshall Co. v. Buick Motor Co. (D. C.) 251 F. 685.

The case is dismissed for want of jurisdiction, and remanded to the District Court, with direction to dismiss the same without prejudice.

### On Rehearing.

JOHNSON, Circuit Judge. A rehearing has been had in the above action, at which the defendant in error has contended that the cause of action stated in the first count of the writ in this action was within the jurisdiction of the District Court, because the amount involved was more than $3,000, and that, although this count was held to be demurrable, nevertheless jurisdiction, having once attached, would not be lost.

We are unable to distinguish this case from Lovell v. St. Louis Mutual Life Insurance Co., 111 U. S. 264, 4 S. Ct. 390, 28 L. Ed. 423, where it was said:

"The question remains as to what is justly due to the complainant in this case, by reason of the contract being terminated by the act of the company. He demands a return of all the premiums paid by him, with interest, less the amount of his premium note, and that said note shall be delivered up to be canceled. But we do not think that he is entitled to a return of the full amount of his premiums paid. He had the benefit of insurance upon his life for five years, and the value of that insurance should be deducted from the aggregate amount of his payments. In other words, the amount to which the complainant is entitled is what is called and known in the life insurance business as the value of his policy at the time it was surrendered, with interest, less the amount of his premium note, which should be surrendered and canceled."

In this case the insured had the benefit of insurance, as stated in the declaration, for 23 years. He has set out in the first count of the declaration that the policy issued to him was a valid one for life, and that, after the receipt of payments for 23 years of the premiums therein stipulated to be paid, the company repudiated the contract, and he claims to recover as damages all premiums which he has paid, with interest.

This he cannot do under the rule laid down in Lovell v. St. Louis Mutual Life Insurance Co., supra, and, applying this rule, it is evident, from an examination of this count, that the "matter in controversy" is must less than $3,000.

If the claim of the plaintiff under this count is that, because the defendant repudiated its obligations under the policy, he is entitled to rescind the contract evidenced by said policy, and to recover the amount of the premiums which he has paid, with interest upon each payment, the result would be the same, for the amount of these payments, without interest, is $1,945.80.

We therefore conclude that the result reached by us in the opinion, which has been announced, was correct.