Arthur F. HORNSBY and Kathleen Hornsby, Plaintiffs,

v.

HORNSBY'S STORES, INC.; Century Wholesale Company, Inc.; and Pubco Corporation, Defendants.

No. 90 C 06105.

United States District Court, N.D. Illinois, E.D.

Jan. 22, 1991.

Donald F. Black, Black & Black, Morris, Ill., for plaintiffs.

Gerald G. Saltarelli, Stephanie Rae Leider, Butler, Rubin, Newcomer, Saltarelli,

Boyd & Krasnow, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Hornsby's Stores, Inc. ("Store"), Century Wholesale Co. ("Century"), and Pubco Corp. ("Pubco") removed this suit to federal court, asserting both diversity and federal question jurisdiction. Plaintiffs Arthur F. Hornsby and Kathleen Hornsby (collectively, "Hornsby") now petition to remand to the state court. For the reasons set forth below, we grant Hornsby's petition.

We need not delve deeply into the facts underlying Hornsby's action in order to decide the petition to remand. Hornsby alleges that the Store defaulted on a lease agreement, and seeks damages for the period from January 1, 1990 to April 30, 1990 in the amount of $44,640.71 "plus reasonable attorney's fees, court costs and interest." Complaint, Count 1, at 2.[1] This is the second time that Hornsby has sought a judicial resolution of a dispute under the lease agreement at issue here. *See Hornsby v. Hornsby's Stores, Inc.*, 734 F.Supp. 302 (N.D.Ill.1990). The prior litigation involved a breach of the lease agreement between July 19, 1989 and December 31, 1989. *Id.* at 304. In that earlier suit, Hornsby recovered $77,481.27 in back rent, real estate taxes, interest, and attorneys' fees from the Store. *Id.* at 306. We dis-

missed, however, all allegations against Century and Pubco. *Id.* at 308.

Defendants base their removal to federal court on diversity and federal question grounds, and we shall address each basis in turn.[2] The diversity issue is narrowly focused. The parties dispute only whether the necessary jurisdictional amount is present to permit removal from state court. Defendants claim that the $44,640.71 plus interest and attorneys' fees requested by Hornsby is, in aggregate, "at least" $50,640.71, thereby satisfying the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a) (1988) (federal jurisdiction permitted "where the matter in controversy exceeds the sum or value of $50,000"). Hornsby rightly points out that § 1332(a) on its face appears to require a sum in excess of $50,000 "exclusive of interest and costs." *Id.* Hornsby further suggests that if interest (and attorneys' fees) are properly part of the jurisdictional amount computation, even then a sum greater than $50,000 will not be at issue. Reply Memorandum, at 4–6.

Hornsby more or less concedes that attorneys' fees may be included in fixing the jurisdictional amount, properly citing to *Ross v. Inter–Ocean Ins. Co.*, 693 F.2d 659, 661 (7th Cir.1982) ("where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied") (citation omitted); *see also Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075, 1078 (7th Cir.

---

**1.** Hornsby's complaint sets forth three counts. In addition to Count I, Count II alleges a fraudulent transfer of assets between the Store and Century, made with intent to defraud Hornsby. Count III asserts a similarly fraudulent transfer of assets between the Store and Pubco. Each of the three counts is directed at a particular defendant—the Store in Count I, Century in Count II, and Pubco in Count III.

**2.** Initially, defendants' offhand contention that Hornsby's petition to remand should be dismissed as untimely is clearly erroneous. A somewhat more careful reading of 28 U.S.C. § 1447(c) (1988) than defendants mustered quickly clarifies the issue. While a motion to remand "on the basis of *any defect in removal procedure* must be made within 30 days" after

the notice of removal is filed, remand is proper if "*at any time* before final judgment" it becomes apparent that the federal district court lacks subject matter jurisdiction. *Id.* (emphasis added); *cf.* 28 U.S.C.A. § 1447(c) (West Supp. 1990) (commentary on 1988 revision). An example of a "mere defect" in removal procedure is removing the case after the time allowed in 28 U.S.C. § 1446(a). 28 U.S.C.A. § 1447(c) (commentary on 1988 revision). If, however, "the defect goes to subject matter jurisdiction, as where a case was removed on the basis of diversity of citizenship and it turns out that complete diversity is lacking, there is no time limit on the motion to remand." *Id.* This is not a new rule. *Id.*

1986) (same). The lease agreement appears to establish Hornsby's right as landlord to attorneys' fees. Lease Agreement, § 14(D). It is therefore permissible to include a reasonable estimate of those attorneys' fees in "determining whether the jurisdictional minimum is satisfied." *Ross*, 693 F.2d at 661; *cf.* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3712, at 176 (1985) ("The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract....").

Defendants speculate that Hornsby's attorney's fees will exceed $3,000—a figure "both modest and reasonable, especially in light of this Court's award of $7,639.32 in attorneys' fees for Plaintiff's prosecution of the prior action." Response Memorandum, at 9 (footnote omitted). We need not estimate the attorneys' fees, however, since Hornsby attaches to the Reply Memorandum a copy of the retainer agreement signed by plaintiffs to cover legal expenses in this litigation. The "total fee" for legal services in this matter is $2000. Retainer Agreement, at 1. This sum will be added to the $44,640.71 explicitly sought by Hornsby for purposes of determining the jurisdictional amount.

The interest issue, as the authors of one treatise have suggested in a slightly different context, is a bit more complicated.[3] *See* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3712, at 179–83. The seminal case in this area remains *Brown v. Webster*, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440 (1895). There, the Supreme Court drew a distinction between "interest as such"—presumably the type of interest that should be excluded from the jurisdictional amount computation—and "the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the

principal demand." *Id.* at 329, 15 S.Ct. at 377. The Court ruled that because the recovery prayed for was "the sum of the damage resulting from eviction," and not simply the price paid and the interest thereon, the interest sought could indeed be tacked on to the price paid to constitute the necessary jurisdictional amount. *Id.* at 329–30, 15 S.Ct. at 377. Here, by analogy, if the recovery sought is the sum of the damage resulting from breach of the lease agreement, and not simply the rent owed and the interest thereon, it would seem that the interest should be included in the jurisdictional amount.

Interest is also sometimes included "when it can be considered a penalty and therefore a damage element." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3712, at 181–82 & n. 22 (citing cases). This is arguably the case here. *See* Lease Agreement, §§ 14(B), (D) (providing for interest in the event of late payment or default).

If we assume that interest should be added to the jurisdictional amount, and, further, use the interest figure supplied by defendants ($3000),[4] the amount sought by Hornsby is still under the $50,000.01 required by 28 U.S.C. § 1332(a). Giving defendants every benefit of the doubt, we arrive at a total of $49,640.71. The fact that this sum is relatively close to the required amount is irrelevant. *See, e.g., Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir.1988) (no diversity jurisdiction when "matter in controversy" fell $44.99 short of jurisdictional amount). Thus, we find that § 1332(a) does not supply jurisdiction to the controversy at issue here.

■ Defendants' federal question basis for removal must also fall. The argument is that because Hornsby's Counts II and III

---

**3.** "Costs" are also excluded by § 1332(a). Neither party raises this issue here, but for completeness we note that costs are routinely excluded from the jurisdictional amount. Two reasons are generally given to explain the rule regarding costs: "First, costs are matters of reimbursement and are not part of the matter in controversy. Second, the amount of the costs will remain uncertain until the action itself is completed and therefore is an inappropriate element for inclusion in the jurisdictional amount." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3712, at 175.

**4.** Hornsby suggests that this figure is actually $2400, which we think somewhat more accurate.

"seek a ruling from a state court that would nullify [the federal court's] prior judgment or ignore the res judicata bar created by that judgment," a federal question is raised and federal jurisdiction created. Response Memorandum, at 15. But as defendants themselves point out, Hornsby was ordered to respond to defendants Century and Pubco's motion to dismiss Counts II and III by November 21, 1990. *Id.* at 10 n. 8; *see* Minute Order of November 6, 1990 (same). Because Hornsby has failed to file a responsive memorandum or otherwise respond—which may have included a motion to stay the response pending resolution of the petition to remand, as defendants suggest—we grant Century and Pubco's motion to dismiss Counts II and III, pursuant to Rule 12(p) of the General Rules of the United States District Court for the Northern District of Illinois (failure to file "supporting or answering memorandum" permits "court on its own motion or that of a party [to] strike the motion or grant the same without further hearing"). With Counts II and III dismissed, there can be no basis for federal question jurisdiction, assuming that the basis asserted by defendants in the first instance is legitimate. Therefore, remand is justified.

In short, the requisite jurisdictional amount for a diversity action is not present in this case, nor, after granting Century and Pubco's motion to dismiss Counts II and III, is there a federal question to be adjudicated. Accordingly, Hornsby's petition for remand to the Grundy County (Illinois) Circuit Court is granted. It is so ordered.