E. ROSENFIELD & SON v. J. E. CONDICT & Co.

1. FINAL JUDGMENT.—An order overruling a motion to set aside an order transferring a case to the United States Court and to reinstate the case on the docket, is a final judgment, and may be appealed from.

2. FINAL HEARING OR TRIAL.—These terms, as used in the act of Congress of March 2, 1867, relating to the transfer of cases from the State to the Federal Courts, mean the ultimate, final, or complete disposition of the pending case, so that the right to transfer to the Federal Court is not lost by a trial resulting in a judgment which was reversed on appeal.

APPEAL from Colorado.    Tried below before the Hon. Livingston Lindsay.

*J. T. Harcourt,* for appellants.

*R. V. Cook,* for appellees.

IRELAND, ASSOCIATE JUSTICE.—The questions involved in this case are not without importance, but we believe they present no great difficulty.    The first question presenting

itself has not been alluded to by counsel; that is, whether the order appealed from is such a judgment as will support the appeal.   If we say it is not, we find a case in which a citizen has been called into the District Court of the State, and then denied a hearing, without any mode of having that denial or refusal reviewed by this court.   The order may be said to be the final judgment of that court.   In one sense it is final, as that court will not take further cognizance of the cause.   We therefore hold that it is such an order as may be brought here for review.

Because there had been a trial and judgment in the court below, which had been reversed by this court, it cannot, we think, be correctly said that there has been a "final hearing on trial."   It was not, after reversal, "final" in any legal sense.   If it had been final—that is, the last or ultimate adjudication of the matters in controversy—there would have remained nothing further for the District Court to pass upon or adjudicate.

It is, however, clear that when the case was reversed by this court, it stood in the court below as if there had been no trial at all; and it could not be said that there had been any final action in such case.

In support of appellant's views on this subject, we are referred to the cases of Ackerly *v.* Vilas, 21 Wis., and Home Life Ins. Co. *v.* Dunn, 20 Ohio, in which views are expressed adverse to those entertained by us.   We have examined those cases.

The main reason assigned for this judgment is, that by holding that a party who had had a trial in the State Court, the judgment in which had been reversed, could then have it transferred to the Federal Court, they would necessarily decide that Congress intended to permit litigants to trifle and experiment with the State Courts.   We do not appreciate this reasoning.

The Ohio case was placed partly on the peculiar mode of procedure in effecting appeal in that State.   There is scarcely

30

room for construction in the act of Congress.   Laws that are clear in their meaning and free from ambiguity do not admit of construction.   Surely it will not require argument or reasoning to tell what is meant by a final hearing on trial.   It means the ultimate, final, or complete disposition of the pending case.   Can it be said that a case is finally disposed of when there exists no judgment of the court in the case?   Congress did not intend to legislate with reference to the laws of any particular State.   The act is so framed as to meet both courts of law and chancery.

The words "final hearing," we conclude, refer to chancery causes, and "judgment" to courts of law.   This is one of the questions the determination of which, in the last resort, belongs to the Federal Courts.   This was clearly decided as early as 1842 by the Supreme Court of the United States in the case of Gordon *v.* Longest, 16 Pet., 97.

The case of Life Ins. Co. *v.* Dunn, 20 Ohio, so much relied upon by appellant, was reviewed and reversed by the Supreme Court of the United States.   (19 Wall., 214.)

However much we might desire to uphold the jurisdiction of the State Courts in matters clearly within their jurisdiction, a conflict is always to be avoided, if it can be done.  And on this question we hold, both on principle and authority, that where a case has been tried and a judgment rendered in the State Court, which judgment has been vacated and reversed by the court of the last resort in such State, and the case stands for trial in the court below, there has not been a final hearing or judgment in the cause, and that a party may then apply and have it removed to the Federal Court by complying with the statute in other respects.

The appellant complains that the motion was made to remove the cause, and the order entered in his absence, and without his knowledge.

There is no rule of court or law requiring notice to be given to the opposite party in such motions.

This is a matter of courtesy between counsel. It is also contended that the reasons assigned by his honor, the judge who presided in the case, for refusing to revoke the order for the removal of the cause were not sound. This may be admitted, as the District Courts have full control over their judgments until the final adjournment of the term at which they were made, but the order removing the case being correct, a wrong reason assigned for not revoking it cannot avail the appellant in this court. The judgment is affirmed.

Affirmed.