CARRICK, Surviving Partner, etc., *v.* LANDMAN

*(Circuit Court, N. D. Alabama.* April Term, 1884.)

1. REMOVAL OF CAUSES UNDER SECTION 639, REV. ST.—AMOUNT IN DISPUTE.
    In order that a cause may be removed from the state courts to the United
    States courts, under section 639, Rev. St., the sum in dispute, exclusive of costs,
    must exceed $500 at the time of the commencement of the action in the state
    courts.
2. SAME—ACT OF 1875—CITIZENSHIP.
    A suit cannot be removed from a state court to the United States courts,
    under the act of 1875, unless the requisite citizenship of the parties existed,
    both when the action was begun and the petition for removal filed.

Motion to Remand Cause to the state court.

*L. P. Walker* and *R. W. Walker,* for motion.

*Humes, Gordon & Sheffey, contra.*

BRUCE, J.    This suit was originally brought in the circuit court of
Madison county, Alabama.    The summons was executed on the de-
fendant on the twenty-sixth of September, 1871.    The suit was upon
a draft or order of Landman, defendant, on Sample, Williams & Co.,
of Nashville, Tennessee, to order of W. J. Carter, for $350.57, dated
Huntsville, Alabama, May 6, 1871, and indorsed by W. J. Carter.
The petition to remove the suit into this court was filed on the sixth
day of February, 1883.    Various grounds are alleged for the motion
to remand, but in the view taken of the case it is only necessary to
discuss one question, for upon that this case turns.

The position of the movent is that the amount in dispute in the
cause is not sufficient to warrant the removal under the law.    The
removal is claimed under the act of March 2, 1867, which has been
carried into the Revised Statutes of the United States, and is found
in section 639, which provides:

"Any suit commenced in any state court wherein the amount in dispute,
exclusive of costs, exceeds the sum or value of five hundred dollars, to be made
to appear to the satisfaction of said court, may be removed for trial into the
circuit court for the district where such suit is pending, next to be held after
the filing of the petition for such removal hereinafter mentioned, in the cases
and in the manner stated in this section."

It is thus seen that, in order to remove a suit under this section, the
amount in dispute, exclusive of costs, must exceed $500.    At the
time this suit was brought in the state court, September 21, 1871,
the amount in dispute was less than the sum or value of $500, but
the litigation in the state court, or rather courts, for the case seems
to have gone to the appellate court, was protracted, and the petition
for removal was filed February 6, 1883, about 11 years after the suit
was commenced.    In the mean time, the interest accruing upon the
draft sued on up to the time of the filing of the petition for removal,
added to the principal, amounts to more than $500, exclusive of costs.

The proposition of counsel for the removal of the cause to this

court is that when the amount in dispute at the time the removal is sought for exceeds, exclusive of costs, the sum of $500, then the case falls within the law and is removable. On the other hand, it is claimed that the amount in dispute at the time of the commencement of the suit in the state court being less than $500, the case does not fall within the removal statute. I do not find, nor am I referred to, any decided case where this question has been passed upon, except that the circuit court of Madison county, Alabama, has passed upon this question in this case by denying the petition for removal.

The language of the statute under which the removal is claimed is first to be noted. The words are: "Any suit commenced in any state court wherein the amount in dispute exceeds, etc. * * *" Now, when is it that the amount in dispute is to exceed the sum or value of $500? The most natural answer is, at the commencement of the suit. The statute does not say so in so many words, but the amount in dispute is mentioned in such connection with the commencement of the suit that such would seem to be the most natural construction and meaning of the words used. It is something like the right to an appeal which depends upon the amount in dispute at the time the right to the appeal accrues, and if the condition as to the amount is not present when the right accrues, it does not thereafter arise by reason of interest accruing upon the judgment or decree from which the appeal is sought. So when the right to sue accrues, and the party invokes the jurisdiction of the court, the conditions present at that time would seem to be the conditions which should control upon the question as to whether the suit is removable from the state court to the circuit court of the United States.

In Spear on the Law of the Federal Judiciary, at page 462, speaking of the amount in dispute, the author says:

"The absence of this condition is fatal to the right of removal as given by the statute. The right depends upon a statute, and the facts as they existed when the suit was commenced in the state court in respect to the sum or value in dispute must determine whether this particular condition of the statute is present;" citing *Roberts* v. *Nelson*, 8 Blatchf. 74, 77.

This author adds:

"These general provisions of the statute apply to all the cases enumerated therein, and constitute a part of the legal requirements in the removal of these cases from state courts to the circuit courts of the United States."

An argument is made, based upon a line of authorities, to the proposition that where a suit may be removed from a state court to the circuit court of the United States, under the removal acts of congress, on account of diversity of citizenship of the parties to the suit, that such diversity of citizenship need not exist at the time the suit is commenced in the state court, but only when the removal is sought. And by analogy it is claimed the same rule should apply in reference to the jurisdictional condition as to the amount in dispute, that it is sufficient if the amount exceed $500 when the removal is sought.

The argument would be pertinent and strong, were it conceded that, in order to render a suit removable, it is sufficient that the diversity of citizenship of the parties, plaintiff and defendant, exist at the time the suit is sought to be removed, and without reference to the citizenship of the parties at the time the suit was commenced in the state court. That proposition is maintained by a line of authorities cited in Spear, Fed. Jud. 501, 502, among which is *Jackson* v. *Ins. Co.* 3 Woods, 413, opinion by Judge WOODS.

There is, however, a line of authorities to the proposition that the cause cannot be removed unless the required citizenship existed, not only when the petition for removal is filed, but also at the time the action is begun in the state court. The case of *Houser* v. *Clayton*, 3 Woods, 273, opinion by Justice BRADLEY, and the case of *Kaeiser* v. *Illinois Cent. R. R.* 6 FED. REP. 1, opinion by Judge McCRARY, of the Eighth circuit, are cited, and other authorities to the same proposition; Spear, Fed. Jud. 502, 503.

The supreme court of the United States, in the case of *Gibson* v. *Bruce*, 2 Sup. Ct. Rep. 873, hold that a suit cannot be removed from a state court, under the act of 1875, unless the requisite citizenship of the parties exists both when the suit was begun and when the petition for removal is filed. So that the argument based upon the proposition that the citizenship necessary to the removal of the cause need only to exist at the time the petition for removal is filed, is not maintained.

The conclusion then is, that, at the commencement of the suit in the state court, the sum or value in dispute, exclusive of costs, must exceed $500 in order that the suit may be removed, and that the subsequent accrual of interest upon the matter or sum in dispute does not affect the right to remove the cause; and the motion to remand this cause to the state court is granted.