### CHESBROUGH v. WOODWORTH et al.

(Circuit Court of Appeals, Sixth Circuit. June 29, 1918.)

#### No. 3179.

1. REMOVAL OF CAUSES ⬤107(10)—AMOUNT IN CONTROVERSY.

    A cause removed from state court will not, eight years later on appeal, be remanded on the ground that the amount in controversy was less than $2,000, unless it is certain that the maximum limit of possible recovery at the date of commencing suit, and under any theory which plaintiff had fairly entertained, was less than the jurisdictional amount.

2. COURTS ⬤328(9)—AMOUNT IN CONTROVERSY—"INTEREST."

    In an action for damages for fraudulent representations as to value of stock purchased by plaintiff, the jury might allow plaintiff an annual percentage, not as collateral interest, but as an element in giving her entire compensation for her loss, and such damages, although computed at a percentage rate, would not be that "interest" which the jurisdictional statute (Act March 3, 1887, § 1; Jud. Code, § 24 [Comp. St. 1916, § 991]) says must be excluded.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

In Error to the District Court of the United States for the Northern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action by Eva A. Woodworth and others against Frank P. Chesbrough. Judgment for plaintiffs, and defendant brings error. Affirmed.

Thos. A. E. Weadock, of Detroit, Mich., for plaintiff in error.

Edw. S. Clark and John C. Weadock, both of Bay City, Mich., for defendants in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Three cases, substantially similar to Woodworth v. Chesbrough (195 Fed. 875, 116 C. C. A. 465; 221 Fed. 912, 137 C. C. A. 482; 244 U. S. 72, 37 Sup. Ct. 579, 61 L. Ed. 1000), were consolidated in the court below, and it was stipulated that they should abide the event of Woodworth v. Chesbrough, and that in the event of the final success of plaintiff in that action, each of these three plaintiffs should have judgment for an amount equal to a specified fractional part of the final judgment therein. From a judgment entered in the con-

solidated cause, in purported pursuance of this stipulation, this writ of error is brought.

Chesbrough's substantial contention is that the final judgment actually rendered in the test case was at variance with the principle announced by the Supreme Court, and that the stipulation in the consolidated cause should be interpreted by this principle without regard to the figures which erroneously entered into the judgment. This contention rests on a misapprehension. The Supreme Court said, in reciting the proceedings below, that the judgment was "for the amounts plaintiff had paid for his stock, less its then book value, after deducting its pro rata share of the actual loss," then existing and known to defendants, on account of certain worthless commercial paper. This mention of the book value of the stock credited against the amount of plaintiff's claim was an accurate reference to what was actually done by the jury on both trials, and approved by this court and the Supreme Court, in the course of reaching the verdict which was embodied in the final judgment. Plaintiff was thought entitled to recover what he had invested in reliance upon defendant's representations, less the value of what he got; and what he did get was to be fairly measured by the then book value of this stock, as corrected by deducting the loss which ought to have been written off the books before that time. It is clear that this credit for that book value of the stock to which the Supreme Court refers was given to Chesbrough in the judgment in the other case and in the judgment in this consolidated case; and his present effort is to get the same credit over again, including the additional book value that developed after the cause of action accrued and before plaintiffs sold their stock.

One question of jurisdiction exists: One of the plaintiffs in the consolidated cause, Miss Smalley, purchased 10 shares of stock for $1,450. She began suit in a state court, alleging this purchase, that the stock was worthless and that her damage was $3,000. The defendant, Chesbrough, in 1909, removed the case to the court below under a petition alleging that the amount in controversy was more than $2,000, exclusive of interest ·and costs. Thereafter, the case stood awaiting trial or awaiting judgment under the stipulation, until October, 1917, when the judgment now under review was entered. The suggestion is first made now and in this court that the pleadings at the time of removal demonstrated that the jurisdictional amount (then $2,000, exclusive of interest), was not in controversy.

[1, 2] We assume, without deciding, that the question is the same as if there had never been any consolidation, and that the defendant Chesbrough may somehow escape the effect of the facts that both parties by their respective pleadings agreed that the amount in controversy was more than $2,000, and that by this agreement, defendant has obtained eight years' delay. It at least must be true in that situation that the case will not now be remanded to the state court unless it is certain that the maximum limit of possible recovery at the date of commencing suit, and under any theory which plaintiff might have fairly entertained, was less than the jurisdictional amount. This is not certain. If the defendants' statements had been true, the stock might well

have been worth considerably more than the apparent book value; and if it was in truth worthless as alleged, plaintiff might reasonably have believed herself entitled to recover this maximum worth. The action was one of tort, and the jury might have allowed her an annual percentage, not as collateral interest, but as an element in giving her entire compensation for her loss. Damages of that kind, although computed at a percentage rate and equivalent to contract interest, would not be that "interest" which the jurisdictional statute (then section 1 of Act of March 3, 1887; now section 24, Judicial Code [Act March 3, 1911, c. 231, 36 Stat. 1091 (Comp. St. 1916, § 991)]) says must be excluded. Brown v. Webster, 156 U. S. 328, 329, 15 Sup. Ct. 377, 39 L. Ed. 440. With "interest" thus defined and damages thus estimated, the damages might have exceeded $2,000 when the suit was commenced.

The judgment below must be affirmed.