## BANKERS HEALTH & ACCIDENT CO. v. ADAIR.

### No. 11020.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1941.

Kelley & Looney and L. C. McLean, all of Edinburg, for appellant.

Crane & Glarner, of Raymondville, for appellee.

MURRAY, Justice.

This suit was instituted by R. H. Adair in the Justice of the Peace Court of Willacy County, Texas, against the Bankers Health and Accident Company, seeking to recover damages for an alleged breach of a life insurance policy issued by said Company.

It was alleged that the policy was cancelled without legal cause or excuse and Adair sought to recover the sum of $192, alleged to be the amount of the premiums paid upon the policy and also interest at the rate of 6% per annum on each premium from the date of payment thereof.

The cause was tried in the Justice's Court, taken to the County Court of Willacy County by writ of certiorari where it was tried de novo. Judgment was rendered in the County Court for the sum of $180, the amount of premiums paid by Adair to the Company, and $51.80 interest on these premiums to December 12, 1940. It is apparent from the judgment that appellee, Adair, was allowed a recovery of 6% per annum on each premium from the date of its payment to December 12, 1940. If this recovery was allowed as damages or as indemnity the court did not have jurisdiction to render such judgment, while, on the other hand, if it was allowed as interest eo nomine then the court would have jurisdiction of this suit and the power to render the judgment.

The pertinent question is: Was this item of $51.80 recovered as interest eo nomine, or was it recovered as damages? What was said by Chief Justice Gaines in Baker v. Smelser, 88 Tex. 26, 29 S.W. 377, 378, 33 L.R.A. 163, is very much in point here, to-wit: "The rate of interest established by law, being a fixed standard of the value of the use of money, is adopted by the court as the measure of that damage in such a case. Where the statute does not expressly provide for the recovery of the interest, it is allowed, not eo nomine,—that is, not as interest,—but merely as damages. It would probably be more correct to say that that rate of interest is resorted to in order to measure the damages accruing from the loss of the use of the money. As in the case of the conversion of money, so in the case of the conversion of goods, and in many others in which the statute does not expressly create a legal liability for interest."

Likewise, the following quotation from McElroy v. Industrial Pet. Co., Tex.Civ. App., 260 S.W. 693, 694, is in point: "There is but one question involved, that is, whether the item of interest sued for constituted interest eo nomine, that it, interest defined in the statute, or interest allowed in the nature of damages. If the former, the justice court had jurisdiction of the cause, but, if the latter, the amount sued for exceeded the jurisdiction of the justice court, and the judgment of dismissal was correctly rendered. It is our opinion that the judgment of the county court was correct. Interest as defined in the statute 'is the

compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money.' Rev.St. art. 4973 [Vernon's Ann.Civ.St. art. 5069]. This definition forbids the idea that interest, that is, interest within the meaning of the statute, can arise from any source other than from a contract. Appellants' suit is for money had and received, based on allegations of fraud, and arises ex delicto. The compensation in the nature of interest sued for by appellants is for indemnification, and not interest within the meaning of the statute."

See also Schaff v. Hill & Thompson, Tex. Civ.App., 238 S.W. 1037; Faulkner v. Reed, Tex.Civ.App., 229 S.W. 945; First National Bank of Amarillo v. School Dist., Tex.Civ.App., 58 S.W.2d 870; McNeill v. Casey, Tex.Civ.App., 135 S.W. 1130.

The suit at bar is for damages caused by the cancellation of a life insurance policy. The so-called interest sued for and recovered herein is not interest eo nomine, but rather damages or indemnity. It must be taken into consideration in determining the jurisdiction of the court. As this suit originated in the justice's court the limit of jurisdiction would be $200. The amount sued for and recovered herein was in excess of that amount. The county court of Willacy County, as an appellate court, did not have jurisdiction of this amount.

Accordingly, the judgment will be reversed and the cause dismissed.