### SINK v. MUTUAL LIFE INS. CO. OF NEW YORK.

#### Civil Action No. 428.

District Court, N. D. Indiana,
South Bend Division.

July 25, 1944.

McClure & Schenk, of Kokomo, Ind., for plaintiff.

Barrett, Barrett & McNagny, of Fort Wayne, Ind., for defendant.

SWYGERT, District Judge.

This is a suit for disability benefits contracted for in two life insurance policies issued by the defendant to plaintiff. Plaintiff in claiming such benefits alleged in his complaint that in April, 1937, he became and has remained totally and permanently disabled; further that the defendant paid the monthly benefits stipulated in the policies until June, 1941 but that since then it has refused to make further payments.

When suit was started in the state court on April 1, 1942, the amount claimed by the plaintiff was $500 on each policy. The complaint stated that each policy, being in the amount of $5000 face value, provided for disability benefits at the rate of $10 per thousand for the first five years, $15 per thousand for the second five years, and $20 per thousand during the remaining period of total disability and that there had been a failure to pay benefits for 10 months, that is from June, 1941, to and including March, 1942.

A change of venue to another county court was taken and after that the plaintiff filed what he called a supplemental complaint alleging that he had continued to be totally and permanently disabled and that there had accrued at the time of filing the supplemental pleading the total of $1850 on each policy as benefits beginning in June, 1941, and the further amount of $359.40 due on each policy representing premiums which he had paid under protest since starting suit.

The defendant filed its petition to remove to federal court. The petition was granted and now the plaintiff moves to remand.

Despite plaintiff's contention, the so-called supplemental complaint, is not amendatory in effect. The theory of an amended complaint is that it is a substitute for the original pleading, and relates to the same facts that existed when suit was commenced. This pleading, although asking for an amount which includes the original demand, is supplementary, at least in part, because it seeks to recover amounts alleged now to be due under the policies that were not due when the original complaint was filed. It thereby, as respects these amounts, supplements rather than amends the original complaint. However, whether it is viewed as amending or supplementing the original complaint makes no difference as to this motion.

Does the necessary jurisdictional amount exist at the time federal court jurisdiction is invoked? That is the question to be determined on removal and not what the jurisdictional situation was in that respect when the suit was started.

Despite the contrary view expressed in Egan v. Preferred Accident Ins. Co., 223 Wis. 129, 269 N.W. 667, 107 A.L.R. 1107, it would appear more reasonable to apply the test at the time removal is asked. It is then that federal court jurisdiction is invoked. Whether the requisite amount was present or lacking before that time can be of no consequence. If present before removal, what purpose as far as federal jurisdiction is concerned could it serve? The critical time insofar as this requirement is concerned is when the steps are taken to effect the attachment of federal jurisdiction to the case. Of course it must exist then as it likewise must exist at the time suit is started, if the action were originally commenced in federal court. In both

308

instances it is then that the federal court's jurisdiction begins and it is then that the requirement in question must exist.

This view is in accord with the cases holding that a reduction of a plaintiff's demands after removal will not revoke jurisdiction. It is also in accord with the cases which hold that, if the suit is originally started in federal court, the question of whether the requisite amount is in controversy must be determined as of the time the suit was instituted.

Furthermore there is nothing in the removal statute, 28 U.S.C.A. § 71, which suggests that the test must be applied earlier than at the time the removal is asked.

The motion to remand is denied.