## AMERICAN SURETY CO. OF NEW YORK v. RITCHIE.

No. 2651.

Court of Civil Appeals of Texas. Waco.

Oct. 25, 1945.

Rehearing Denied Dec. 27, 1945.

138

Naman, Howell & Boswell, of Waco, and Malone, Lipscomb, White & Seay, of Dallas, for appellant.

O'Dowd & O'Dowd, of Waco, for appellee.

HALE, Justice.

This suit is based upon the Texas Workmen's Compensation Act. Vernon's Ann. Civ.St. art. 8306 et seq. The compensation insurer, a New York corporation, has appealed from a judgment in favor of the injured employee, a resident citizen of Texas. Under the first and second points in its brief appellant says the trial court erred in refusing its petition for the removal of the cause into the Federal Court.

Appellee instituted the suit in one of the District Courts of McLennan County on May 26, 1943. He alleged in his original petition that on November 3, 1942, he sustained an accidental injury while acting in the course of his employment which resulted immediately in his total incapacity to labor and that such total incapacity would continue for a period of 149 weeks; that his average weekly wage was $35 per week and therefore he "is entitled to receive compensation at the rate of $20.00 per week for each and every week of his said total disability which plaintiff alleges will continue for a period of 149 weeks;" that he was also entitled to interest on all weekly installments matured but not paid at the date of trial; that he could not "at the present time determine the full nature and extent of his injuries to his body and that on the trial of the cause he will rely upon whatever injuries and damages that competent medical testimony will show that he suffered to his back and spine, leg, kidneys, circulatory system, nervous system and his body generally." In addition to the foregoing unconditional averments of fact, he made further alternative allegations with respect to various matters, including partial incapacity in the event the court should find upon the trial that he would not be totally incapacitated for a period of 149 weeks. He prayed for judgment awarding him compensation benefits at the rate of $20 per week for 149 weeks and "in the event the court is of the opinion that plaintiff is not entitled to total disability for a period of 149 weeks, that he be awarded compensation for partial disability following the period of total incapacity;" that he be allowed "six percent per annum on each and all weekly installments not paid at maturity" and that he recover such other and further relief, special and general, in law and equity, to which he may be entitled.

The case was tried on appellee's original petition and resulted in judgment in his favor on October 18, 1943. From such judgment the insurer perfected its appeal to this court by filing its supersedeas bond on December 13, 1943. Thereafter this court rendered its judgment reversing the judgment of the trial court and remanding the cause. See American Surety Co. of N. Y. v. Ritchie, Tex.Civ.App., 182 S.W.2d 501. In due time appellee filed motion for rehearing and application to the Supreme Court for a writ of error to review the judgment of this court. Upon consideration of such application the same was refused by the Supreme Court for want of merit on November 22, 1944. At appellee's request the mandate from this court was issued on December 21, 1944, and thereafter it was returned into the trial court.

On February 2, 1945, appellant filed in the trial court its notice, petition and bond for the removal of the suit into the District Court of the United States for the Western District of Texas. The petition for removal was properly verified and recited the substance of the facts hereinbefore set forth. It was therein alleged that the matter in dispute then exceeded the sum of $3,000, exclusive of interest and costs, although said amount did not exceed said sum at the time said suit was originally filed or at the time when the cause was first tried; that interest on past due installments under the Texas Workmen's Compensation Act is not recoverable eo nomine and may only be recovered when specifically sued for as a part of the damages and hence such accrued interest constitutes a part of the matter in controversy for removal purposes; and that "this petitioner now files its petition for removal at the earliest practicable date same can be presented since said cause became removable."

Although duly notified of the removal proceedings, appellee did not file any reply thereto. On February 7, 1943, the trial court overruled and refused the petition for removal and appellant duly excepted. It was recited in the overruling order that the petition for removal, together with the bond, were presented to the court, that the petition was in due form and the bond for removal, with acceptable surety, was also in due form and conditioned as the law requires.

The cause proceeded to trial a second time on February 19, 1945, on appellee's original petition. Thereupon appellee introduced evidence which tended to show that he was totally and permanently in-

capacitated to labor as a result of the injuries complained of. Immediately after such evidence had been adduced appellant again tendered and renewed its notice, petition and bond for removal theretofore filed and verbally moved the court to sustain such petition upon the grounds therein stated and upon the additional grounds that under the testimony adduced appellee would be entitled to recover, if anything, a sum in excess of $3,000, exclusive of interest and costs, and under the terms of the Texas Workmen's Compensation Act appellee could not waive the benefits to which he was entitled under the Act in order to defeat jurisdiction of the Federal Court. The motion was overruled and appellant duly excepted.

The two rulings of the trial court in the particulars here complained of were made the basis of appellant's first and second assignments of error, respectively, in its motion for new trial.

### Opinion

Under the provisions of Sec. 41, Title 28 U.S.C.A., the district courts of the United States are vested with original jurisdiction of all suits of a civil nature, as therein specified, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Provision is also made in Sec. 71 et seq. of Title 28 U.S.C.A., for the removal of such suits from the state courts into the federal courts by notice, petition and bond for removal, when the suit is between citizens of different states and the amount in controversy comes within the original jurisdiction of the United States district courts.

In passing upon a petition for removal grounded on diverse citizenship and the amount in controversy, the courts ordinarily should look alone to the averments of fact and the prayer for relief contained in the plaintiff's petition in order to determine the sum or value of the matter in controversy for jurisdictional purposes. Great Northern R. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Boyle v. Chicago R. I. & P. R. Co., 8 Cir., 42 F.2d 633; Dallas Bank & Trust Co. v. Holloway, D.C.Tex.1931, 50 F.2d 197. When the conditions prescribed in the pertinent Acts of Congress have been complied with and federal jurisdiction is thereby shown, a defendant is entitled as a matter of right to have the suit removed into the proper Federal Court. Home Ins. Co. v.

Morse, 20 Wall. 445, 22 L.Ed. 365. This right may not be denied or impaired by any State or its Courts. Terral v. Burke Const. Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352, 21 A.L.R. 186.

We think it is clear from the unconditional averments of fact and the prayer for relief contained in appellee's original petition that the matter thereby put in controversy did not exceed the sum or value of $3,000 at the time when such petition was filed or at the time when appellant was required to answer the same and hence did not come within the jurisdiction of the United States district courts. But, as stated in Cyclopedia of Federal Procedure, 2d Ed., Vol. 2, § 416, p. 334: "When removability of an action does not exist or does not appear from the complaint, but the cause of action or amount demanded or parties are later changed by voluntary action of the plaintiff, although after the original time for defendant to plead, and therefore after the time ordinarily fixed for removal, the defendant becomes entitled to apply for removal when such change occurs." See also: Powers v. Chesapeake & Ohio R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Kincheloe v. Hopkins, D.C., 4 F.Supp. 196; Niccum v. Northern Assur. Co., D.C., 17 F.2d 160; Sink v. Mutual Life Ins. Co. of N. Y., D.C., 56 F.Supp. 306. Since the cause was not removable when appellant was originally required to plead, the question then arises as to whether the sum or value of the matter in controversy, exclusive of interest and costs, thereafter exceeded $3,000, and if so when the cause thereby became removable.

The Texas courts have held that interest on past due installments in a workmen's compensation case is not interest eo nomine, but must be affirmatively alleged and sought as a part of the damages and benefits claimed in order to be recoverable. Standard Accident Ins. Co. v. Stanaland, Tex.Civ.App., 285 S.W. 878, pt. 4 and authorities, er. ref.; Bankers Lloyds v. Pollard, Tex.Civ.App., 40 S.W.2d 859, pt. 2, er. ref.; Associated Indemnity Corp. v. Baker, Tex.Civ.App., 76 S.W.2d 153, pt. 14, er. dis.; Traders & General Ins. Co. v. Childers, Tex.Civ.App., 95 S.W.2d 461, er. dis.

It is also established by the Texas decisions that where interest is not due eo nomine, but must be affirmatively alleged and sought as a part of the damages

claimed, such interest will be taken into consideration in determining the jurisdictional amount involved in the suit. McNeill et al. v. Casey, Tex.Civ.App., 135 S. W. 1130; McElroy v. Industrial Pet. Co., Tex.Civ.App., 260 S.W. 693; Bankers Health & Accident Co. v. Adair, Tex.Civ. App., 153 S.W.2d 273. The same rule is applied in the Federal courts. City of Texarkana, Tex., v. Arkansas Louisiana Gas Co., 5 Cir., 118 F.2d 289; Brown v. Webster, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440; Continental Casualty Co. v. Spradlin, 4 Cir., 170 F. 322; Intermela v. Perkins, 9 Cir., 205 F. 603; Central Commercial Co. v. Jones-Dusenbury Co., 7 Cir., 251 F. 13; Chesbrough v. Woodworth, 6 Cir., 251 F. 881; Brush v. World Fire & Marine Ins. Co., 33 F.2d 1007; Simecek v. United States Nat. Bank, 91 F.2d 214.

 In the light of the above authorities, we are of the opinion that the correct method of determining from appellee's petition the sum or value of the matter in controversy for jurisdictional purposes at any particular time while the cause was pending in the trial court is as follows, viz: multiply the alleged 149 weeks of total incapacity by the alleged compensation rate of $20 per week, add to this result the sum or value of accrued interest on past due weekly installments and subtract therefrom the sum or value of present discount on future weekly installments thereafter to become due, such interest and discount to be calculated upon a rate of 6% per annum. The final result of such computation at any given time is the sum of money which if then paid in cash would lawfully compensate appellee for the pecuniary value of his claimed benefits. When computed in this manner it appears from appellee's petition that the sum or value of the matter thereby put in controversy did not come within the jurisdiction of the United States district courts at any time while the cause was pending in the trial court prior to the first appeal, but did come within the federal jurisdiction at and subsequent to the time when the mandate from this court was filed in the court below.

 But if we be mistaken in holding that interest and discount on past and future weekly installments, respectively, should be considered in this case for jurisdictional purposes, then it further appears, we think, that when appellee introduced competent evidence upon the trial tending to show that he was totally and permanently incapacitated to labor as a result of the injuries complained of, the cause thereupon became removable. Appellee had affirmatively pleaded that he could not determine at the time when his petition was prepared and filed the full nature and extent of his injuries and that upon the trial he would rely on whatever injuries and damages the competent testimony might show he had suffered. Having thus put in controversy by his testimony a matter which clearly exceeded, exclusive of any kind of interest or discount, the sum or value of $3,000 and such evidence being admissible and competent under his pleadings, appellee did not and could not effectively waive the benefits to which he was thereby entitled under the Workmen's Compensation Act in order to defeat the lawful jurisdiction of the federal courts. American Employers Ins. Co. v. Due, Tex.Civ.App., 166 S.W.2d 160, er. ref.

 Appellee argues in his brief that appellant waived its right of removal, if any it ever had, by failing sooner to file its petition and bond for removal. We cannot agree with the arguments so advanced. Certainly appellee attempted, as in good faith he had a right to do, to plead a cause of action which did not come within the jurisdiction of the United States district courts at the time when his petition was filed. We do not think he should now be heard to assert under the record here that such effort on his part was unsuccessful. It is readily apparent that removal proceedings could not properly be instituted while the cause was pending in this court on appeal. Cooney v. Isaacks, Tex.Civ. App., 173 S.W. 901, pt. 8, er. dis. However, after the judgment on the first trial had been reversed and vacated by final judgment of this court, such proceedings could then be instituted in the trial court. E. Rosenfeld & Son v. J. E. Condict & Co., 44 Tex. 464. Although the record does not show the exact date when the mandate from this court was filed in the court below, appellant alleged under oath in its petition for removal that such petition was being filed in the trial court at the earliest practicable date after the cause had become removable. This sworn averment in the petition for removal was not denied or refuted by any plea or evidence on behalf of appellee.

 Furthermore, the requirement under the federal statutes with reference to the time within which removal proceedings shall be taken is not jurisdictional, but

is merely modal and formal, and may be waived by the failure of the opposite party seasonably to object to such removal. Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093; Montgomery v. Sioux City Seed Co., 10 Cir., 71 F.2d 926 and authorities; Marking v. New St. Louis & Calhoun Packet Co., D.C., 48 F.Supp. 680 and authorities. This record does not affirmatively show that appellee made any objection in the trial court to the petition for removal at or prior to the time it was refused on February 7, 1945, or if so as to what the grounds of such supposed objection might have been.

It follows from what has been said that we are impelled to sustain appellant's first and second assignments of error. Therefore, the judgment appealed from is reversed and this cause is remanded with instructions that the trial court grant the prayer in appellant's petition for removal and enter appropriate orders transferring the cause into the United States District Court for the Western District of Texas, Waco Division, for such further proceedings in that Court as may there be deemed proper.

LESTER, C. J., took no part in the consideration and disposition of this case.

On Appellee's Motion for Rehearing.

HALE, Justice.

In his motion for rehearing appellee argues that this cause did not become removable at any time while it was pending in the court below. He says the jurisdiction of the trial court must be determined solely by the amount which his petition put in controversy at the time when the suit was instituted and that such jurisdiction, having once attached, could not be affected by a delay in the trial resulting in additional damages or interest thereafter accruing on his original demand. He further contends that the suit could not have been instituted originally in the federal court because the value of the recovery then sought did not come within the federal jurisdiction and that the amount in controversy for removal purposes must be determined throughout the course of the litigation by the facts as they existed at the time when the action was commenced

Under the Texas law if the amount demanded, including interest as damages, is within the original jurisdiction of a trial court at the time when the action is brought, the fact that interest accruing thereafter increases the amount to more than the jurisdictional limit will not defeat the right of the court to enter a judgment within its jurisdictional limit. Ft. Worth & D. C. Ry. Co. v. Underwood, 100 Tex. 284, 99 S.W. 92, 123 Am.St.Rep. 806. However, we are not here dealing with the original or continuing potential jurisdiction of the court below within the meaning of the Constitution and laws of Texas; on the contrary, we must consider primarily the potential jurisdiction of the federal courts within the meaning of the removal statutes as enacted by the Congress of the United States.

We recognize the general rule that where the asserted right of removal is grounded upon the existence of a federal question the cause does not become removable unless it could have been brought originally in the federal court. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Minnesota v. Northern Securities Co., 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870; Tennessee v. Union and Planters Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. But the asserted right of removal in this cause is not based upon any federal question involving the merits of the action.

We also recognize the established rule under the federal decisions that when the right of removal is grounded upon diversity of citizenship and the amount in controversy, as in the instant case, the cause does not become removable unless such diversity existed at the time when the suit was brought. Mattingly v. Northwestern Virginia R. Co., 158 U.S. 53, 15 S.Ct. 725, 39 L.Ed. 894; Kellam v. Keith, 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544; Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914. But there is a divergence of opinion as to whether this rule also applies to the amount in controversy. The Supreme Court of the State of Wisconsin has held that the jurisdictional facts which will authorize removal under the federal statutes must exist at the time of the commencement of the action. See: Egan v. Preferred Accident Ins. Co. of N. Y., 223 Wis. 129, 269 N.W. 667, 107 A.L.R. 1107, and cases there cited. On the other hand, in a subsequent opinion handed down on July 26, 1944, by one of the federal courts in the case of Sink v. Mutual Life Ins. Co. of N. Y., D.C. 56 F.Supp. 306, 307, it is said: "Despite the contrary view expressed

in Egan v. Preferred Accident Ins. Co. of N. Y., 223 Wis. 129, 269 N.W. 667, 107 A.L.R. 1107, it would appear more reasonable to apply the test at the time removal is asked. It is then that federal court jurisdiction is invoked. Whether the requisite amount was present or lacking before that time can be of no consequence."

■■■ But, regardless of the conflicting views expressed in the cases referred to above, we see no valid reason why this cause could not have been instituted originally in the federal court. There has been no change in the nature or extent of the injuries sustained by appellee since his action was begun. The facts set forth in his petition would have warranted an unequivocal demand of $3,000.01 for benefits to accrue from 150 weeks of total incapacity equally as well as they warranted a demand of $2,999.99 · for 149 weeks of total incapacity. The damages claimed were not liquidated or mathematically ascertainable until the extent and duration of his incapacity could be determined. Even though he could not determine the full extent of his disability at the time his action was brought, he nevertheless served notice in his petition that he would rely upon whatever injuries and damages the competent testimony at the trial might show he had suffered.

Appellee challenges the correctness of the statement in our original opinion to the effect that he introduced evidence upon the trial "which tended to show that he was totally and permanently incapacitated to labor." We did not undertake to set forth the evidence to which we referred and we shall not do so now, because any such attempt on our part would require a summary of all the direct testimony adduced by appellee. Although the ultimate facts found by the jury are immaterial on the question of jurisdiction, we think the competent evidence introduced by appellee was sufficient to support the findings which the jury made in this case to the effect that appellee's injuries would result in 149 weeks of total incapacity and 149 additional weeks of partial incapacity.

It is evident to us that appellee attempted by the averments and prayer in his petition to accomplish two legal results which in the course of the litigation became wholly inconsistent, viz: (1) to prevent the cause from being or becoming removable into the federal court; and (2) to preserve his right to demand all the benefits to

which his evidence might show he was legally entitled under the terms of the Texas Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq. By voluntarily continuing in the pursuit of the latter result until a proper petition and bond for removal had been timely filed, it appears to us that he has necessarily failed to fully accomplish the former intended result. Although the question is not free from difficulty, we have again concluded that the disposition which we originally made of the cause is correct, and therefore appellee's motion for rehearing is overruled.