# HENRY R. RITCHIE V. AMERICAN SURETY COMPANY OF NEW YORK.

No. A-830. Decided November 13, 1946.
Rehearing overruled December 11, 1946.
Second motion for rehearing overruled January 8, 1947.
(198 S. W., 2d Series, 85.)

*O'Dowd & O'Dowd,* of Waco, *Critz, Kuykendall, Bauknight, Mann & Stevenson,* and *F. L. Kuykendall,* all of Austin, for petitioner.

It was error for the Court of Civil Appeals to hold that the trial court should give effect to and consider the evidence offered upon the trial on this case on its merits, in determining the amount in controversy for jurisdictional purposes and in requiring the trial court to transfer this cause to the federal court merely because the amont in controversy had been increased by interest which matured subsequent to the filing of the suit, to where it exceeds $3,000.00. Tennessee. Valley Authority v. Tennessee Electric Company, 90 Fed. (2d) 885, certiorari denied, 301 U. S. 710; Ft. Worth & D. C. Ry. Co. v. Underwood, 100 Texas 284, 99 S. W. 92; 21 C. J . S. 64

*Malone, Lipscomb, Seay & Shuford,* of Dallas; and*Naman, Howell & Boswell,* of Waco, for respondent.

The Court of Civil Appeals correctly held that the trial court should have removed the cause from the state to the federal court. American Emp. Ins. Co. v. Due, 166 S. W. (2d) 160;

Bankers Lloyds v. Pollard, 40 S. W. (2d) 859; McNeill v. Casey, 135 S. W. 1130.

Mr. Justice Folley delivered the opinion of the Court.

This is a compensation suit involving chiefly the question of whether the cause should have been removed from one of the State District Courts of McLennan County to the District Court of the United States for the Western District of Texas.

This is the second trial and second appeal of the case.

The petitioner, Henry R. Ritchie, was injured in November, 1942. He filed suit against the respondent insurance carrier, the American Surety Company of New York, on May 26, 1943. The petition then filed is the only one ever filed by petitioner. He sought compensation for 149 weeks at $20.00 per week, plus interest on delinquent payments. The amount in controversy at the time of filing the suit was $2,980.00, plus six per cent interest on delinquent payments, which total amount was less than $3,000.00. The case was first tried in October, 1943, and resulted in a judgment for petitioner for compensation for 144 weeks at $20.00 per week. That judgment was reversed and remanded by the court of civil appeals. 182 S. W. (2d) 501.

On February 2, 1945, respondent filed its petition for removal of the suit to the federal court on the ground of diverse citizenship. In the petition it was alleged that the amount in controversy then exceeded $3,000.00, but that the demand was less than such sum at the time the suit was originally filed and at the time the cause was first tried. It was further alleged that the cause did not become removable until after it had been appealed to the appellate courts of Texas; and that petitioner was filing its petition for removal at the earliest practicable date same could be presented since said cause became removable.

The increase in the amount in controversy above $3,000.00 was admittedly brought about by the increase of the amount of interest due on the unpaid weekly installments rather than by an amended plea or other volunteer act of petitioner.

On February 7, 1943, the trial court overruled the petition for removal and on February 19, 1945, the cause proceeded to trial on petitioner's original petition. After the introduction of petitioner's evidence respondent again renewed its petition for

removal and verbally moved the court to sustain the same upon the grounds therein stated and the additional ground that under the evidence petitioner would be entitled to recover, if anything, a sum in excess of $3,000.00. The oral motion was also overruled. Upon a verdict favorable to petitioner judgment was rendered allowing him compensation for 149 weeks at $20.00 per week including interest on the past due installments, which recovery exceeded $3,000.00.

The two rulings of the trial court upon the petition for removal were, among others, assigned as error by respondent in the court of civil appeals, and each assignment was sustained. The judgment of the trial court was reversed and the cause remanded with instructions that the trial court grant the petition for removal and enter appropriate orders transferring the cause to the federal court. Having sustained the assignment mentioned the court of civil appeals of course did not pass upon any others. 191 S. W. (2d) 137.

The respondent does not contend that the federal court could have exercised original jurisdiction of this suit at the time it was filed nor at the time the former judgment was rendered. The contrary is conceded in its petition for removal in the trial court, in its brief in the court of civil appeals, and in its answer in this court. Its sole contention in this respect is that the cause became removable subsequent to the former trial when the total demand, by reason of the accrual of interest as damages, grew into an amount in excess of $3,000.00. The question to be decided is simply whether a cause which admittedly was not within the jurisdiction of the federal court at the time it was filed, nor at any time before the defendant was required to answer, became removable when the claim by the mere passage of time, and not through any volunteer act of the plaintiff, ripened into a demand in excess of $3,000.00 and thus within the jurisdiction of the federal court.

By virtue of Sec. 41, Title 28 U. S. C. A., the federal district courts have original jurisdiction of civil suits when the amount in controversy, exclusive of interest and costs, exceeds $3,000.00.

Sec. 71, Title 28 U. S. C. A., provides that any civil suit in any State court between citizens of different states may be removed to the federal court when the federal court has original jurisdiction of the cause.

Sec. 72, Title 28 U. S. C. A., provides that any party entitled

to remove any suit mentioned in section 71, except suits removable on the ground of prejudice or local influence, may make and file a verified petition in the State court "at the time, or at any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff * * *."

■ In determining the jurisdictional amount the interest on past due installments of compensation, affirmatively alleged and demanded by petitioner, is not interest by name but damages, and as such must be considered as part of the amount in controversy for the reasons stated in the opinion of the court of civil appeals. Standard Acc. Ins. Co. v. Stanaland, 285 S. W. 878, writ refused; Bankers Lloyds v. Pollard, 40 S. W. (2d) 859, writ refused; Baker v. Smelser, 88 Texas 26, 29 S. W. 377, 33 L. R. A. 163; City of Texarkana, Tex. v. Arkansas Louisiana Gas Co., 118 F. (2d) 289; Brown v. Webster, 156 U. S. 328, 15 Sup. Ct. 377, 39 L. Ed. 440.

However, we are not in accord with the holding that the cause became removable when the claim, by reason of the accrual of interest on past due installments, exceeded the required jurisdictional amount. In our discussion of this question we must limit ourselves to the principles governing the removal of causes on the sole ground here involved—that of diverse citizenship.

It is generally held that in passing upon a petition for removal based upon diverse citizenship the amount in controversy is determined solely from the allegations of the complaint or petition at the time of the commencement of the suit when the court is first called upon to exercise jurisdiction. Great Northern Railway Co. v. Alexander, 246 U. S. 276, 28 S. Ct. 237, 62 L. Ed. 713.

■ The court of civil appeals recognized this rule but held that this cause comes within a well known exception thereto which it quoted from Cyclopedia of Federal Procedure, 2d Ed., Vol. 2, Sec. 416, page 334, as follows:

"When removability of an action does not exist or does not appear from the complaint, but the cause of action or amount demanded or parties are later changed by voluntary action of the plaintiff, although after the original time for defendant to plead, and therefore after the time ordinarily fixed for removal, the defendant becomes entitled to apply for removal when such change occurs."

It will be noted that the exception quoted contemplates some voluntary or affirmative action, prejudicial in nature, on the part of the plaintiff subsequent to the time fixed for removal, such as an increase in the amount demanded or a change in the parties sued, whereupon for the first time the right of removal arises in favor of the injured defendant. When such situation occurs the plaintiff, whose voluntary act creates it, cannot be heard to say that the petition for removal is not timely filed.

In support of its holding that this cause falls within the exception stated the court of civil appeals cites and relies upon four cases from the federal jurisdiction, namely: Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Kincheloe v. Hopkins, D. C., 4 F. Supp. 196; Niccum v. Northern Assur. Co., D. C., 17 Fed. (2d) 160; Sink v. Mutual Life Ins. Co. of N. Y., D. C., 56 F. Supp. 306.

In the Powers case the plaintiff brought suit in a state court of Kentucky against the defendant railroad company, a nonresident, and others who were resident individuals. The case was removed to federal court, but upon motion was remanded. Thereafter the plaintiff discontinued his suit against the resident defendants in the state court, leaving his action one solely, and for the first time, between citizens of different states. Thereupon the railway company filed a second petition for removal. The cause finally reached the Supreme Court of the United States where it was determined that because the "plaintiff discontinued his action as against the individual defendants, the case for the first time became such a one as, by the express terms of the statute, the defendant railway company was entitled to remove; and therefore its petition for removal, filed immediately upon such discontinuance, was filed in due time."

In the Kincheloe case the plaintiffs sued both resident and non resident defendants in a state court of Oklahoma. A demurrer was sustained to the evidence as to the resident defendants, and a mistrial resulted as to the nonresident defendant. The plaintiffs thereupon asked for another trial as to the nonresident defendant, but appealed to the Suprem Court of Oklahoma to review the order of the trial court sustaining the demurrer to the evidence as to the resident defendants. The nonresident defendant filed a petition for removal upon the ground that the act of the plaintiffs in asking that the cause be set for trial was an election to pursue the action against the nonresident defendant only, and was a voluntary discontinuance of plaintiffs' joint

action against the nonresident and resident defendants. The petition for removal was granted and the cause removed to the federal district court. On motion to remand the latter court recognized the rule announced in the Powers case that a joint cause of action against resident and nonresident defendants becomes removable upon the voluntary dismissal or discontinuance as to the resident defendants, but held that because there was no voluntary dismissal or discontinuance the right of removal did not exist and remanded the cause to the state court.

In the Niccum case citizens of Michigan brought an action in a state court of Indiana against a resident citizen of Indiana and other defendant who were nonresidents, seeking recovery for $1,500.00. The nonresident defendant, Northern Assurance Company, Limited, appeared in the action and filed a demurrer. Thereafter the resident defendant appeared and filed a cross-complaint against the Northern Assurance Company, Limited, seeking recovery for $7,000.00. The cause was thereupon removed to the federal court upon the petition of the Northern Assurance Company, Limited. On motion to remand it was contended that the motion to remove came too late since the same was not filed until a general appearance had been made by the nonresident defendant. The federal court denied the motion and held that although the original pleadings did not present a removal case, the same became removable upon the filing of the cross-complaint which brought the claim well over the $3,000.00 required by the statute.

In the Sink case the plaintiff sued in the state court for $1,000.00 for disability benefits under two life insurance policies of the face value of $5,000.00 each and each of which provided for disability benefits at rate of $10.00 per month per thousand. At the time the suit was filed there had been a failure to pay the benefits for a period of 10 months. After several additional months had elapsed the plaintiff filed a supplemental complaint demanding a total sum in excess of $4,000.00, which increase was based on the accrual of additional benefits under the policies and premiums paid thereon under protest. Thereupon the defendant filed a petition for removal to federal court which was granted. The plaintiff moved to remand but the federal court denied his motion by reason of the increase in the amount of the demand.

In none of these cases, however, did the court have under consideration the question of removability where the claim by the mere passage of time, and without any voluntary action of

the plaintiff, grew into one within the jurisdiction of the federal court. In each of them there was affirmative action on the part of the plaintiff or a codefendant changing the situation formerly existing to the prejudice of the nonresident defendant. It is true that in the Sink case the amount of damages increased by the passage of time but the increase was due to the accrual of indemnity payments and not interest, and, unlike the situation in the instant case, such additional benefits could not have been recovered under the original complaint which the nonresident defendant was required to answer. They became a part of the amount in controversy solely as a result of the voluntary act of the plaintiff in filing a new pleading increasing his demand above $3,000.00. Therefore, that case, like the other three cited, may be considered as authority only for the proposition that, subsequent to the time ordinarily fixed for removal, a nonremovable case may become removable by the voluntary action of the plaintiff which results in prejudice to the nonresident defendant. With that principle we are in hearty accord but it does not solve the question before us because no such condition has been brought about by the petitioner in this suit. On the contrary, there has been no change in the status of the pleadings or the parties. The petitioner still seeks recovery for the 149 weeks of compensation with interest on the delinquent installments under the same allegations originally filed. Of course the claim has grown by the accrual or additional interest, but that condition should not be charged to the petitioner who is not responsible therefor. Under such a state of facts it is thought that the only equitable rule to apply is the one that jurisdiction is to be determined by the amount in controversy at the time the suit is filed. We are not without authority in reaching this conclusion.

In 21 C. J. S., 64, Sec. 54b, the general principle involved is clearly stated in the following language:

"The jurisdiction of a court is determined by the amount in controversy at the time when the court is first called on to exercise jurisdiction, which in a trial court is the amount claimed at the time when the suit is instituted. So, where the action is commenced for an amount within the jurisdiction of the court, jurisdiction is not affected by a delay in the trial resulting in damages or interest accruing to an extend making the entire amount exceed the jurisdictional amount, even though an amendment of the petition, which originally demanded a sum within the jurisdiction of the court, so as to include such interest, makes it state a claim beyond the jurisdictional limit."

In the case of Great Northern R. Co., v. Alexander, 246 U. S. 276, 62 L. Ed. 713, the contention was made that a cause was removable because the plaintiff failed to prove his allegation that the deceased was employed in interstate commerce. Absent such fact, which was alleged to exist, the suit would have been removable. The cause finally reached the Supreme Court of the United States where it was held that the pleadings and not the evidence determined the status of the case with respect to removability. In the course of the opinion Mr. Justice Clarke, speaking for the Court, said:

"It is also settled that a case arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be controverted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff, or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant.

\* \* \* \* \* \* \* \*

"The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may, by the allegations of his complaint, determine the status with respect to removability of a case arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case, nonremovable when commenced, shall afterwards become removable, depends not upon what the defendant may allege or prove, or what the court may, after hearing upon the merits, in invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion."

In Saul v. Metropolitan Life Ins. Co., 19 F. Supp. 1015, 1016, in an opinion by Judge Sibley, it is stated:

"Both as to parties an amount involved, the original jurisdiction of the District Court is determined as of the time of filing, and is not affected by changes in either not caused by the voluntary act of the plaintiff."

A similar statement from the same judge of the Fifth Circuit Court of Appeals is found in Ford, Bacon & Davis v. Volentine, 64 Fed. (2d) 800-801, as follows:

"Federal jurisdiction depends on the facts at the time suit is commenced, and subsequent changes neither confer nor devest it. This is well settled as to diversity of citizenship."

From the Ninth Circuit Court of Appeals in Royalty Service Corporation v. City of Los Angeles, 98 F. (2d) 551-554, Judge Stephens, speaking for the Court, also made the following announcement:

"Jurisdiction of the federal courts depends upon the situation as it exists at the time the suit is brought and subsequent events neither confer nor divest it."

Of like import is the statement from Judge Donahue of the Sixth Circuit Court in Nathan v. Rock Springs Distilling Co., 10 F. (2d) 268 to this effect:

"The jurisdiction of a federal court is determined by the amount claimed in the petition, and not by the amount that the plaintiff may ultimately recover. The only exception to this rule is where it appears from the petition that a part of the claim is fictitious, and inserted in the petition in bad faith and for the sole purpose of invoking the jurisdiction of the court."

A case squarely in point with this is that of Carrick v. Landman, 20 F. 209, where the Circuit Court for the Northern District of Alabama had under consideration the identical question here involved. In that case suit was filed in 1871 in a State court of Alabama seeking recovery upon a draft executed by a nonresident for $350.57. At the time the federal court had jurisdiction where the amount in dispute exceeded $500.00. In 1883, after the cause had been litigated for eleven years in the trial and appellate courts of the state, a petition was filed to remove the case to the federal court, which was granted. At the latter date interest on the draft had accrued since the filing of the suit to the extent that the total claim exceeded $500.00. On motion to remand the identical issue here involved was presented as to whether the amount in controversy at the time the suit was filed, or the amount at the time the removal was sought, determinded the right of removal. The circuit court held that the amount in dispute at the time of the commencement of the suit controlled the right of removal, and remanded the cause to the state court. From that opinion we quote:

"So when the right to sue accrues, and the party invokes the jurisdiction of the court, the conditions present at that time would seem to be the conditions which should control upon the

question as to whether the suit is removable from the state court to the circuit court of the United States."

■ Notwithstanding the logic and sound reasoning in the decision supporting this view, it seems that the opposite rule would in many instances result in unnecessary confusion and hardship both to litigants and courts. If the nonresident defendant in the state court is entitled to removal when the claim grows into one within the federal jurisdiction, under what authority could the right be denied at any moment the jurisdictional status changed, even if it occurs near the end of a long and tedious trial or while the cause was pending on appeal? Thus, in controversies involving border line amounts, which we judicially know are numerous, the trial judges and parties would not know whether to proceed with the trial or postpone the cause until the claim grew sufficiently to remove it to federal court. In our judgment no such chaotic condition was anticipated or intended by the Congress in enacting the removal status. We therefore conclude that in instances like this the only reasonable construction to be given is that the jurisdiction is determined by the amount recoverable under the pleadings at the commencement of the suit or at or before the time the nonresident defendant is required to answer.

■ Having decided that the judgment of the court of civil appeals cannot be affirmed we have inspected the brief filed by respondent as appellant in that court to determine what disposition should be made of the cause. Such inspection reveals that there is at least one assignment of error challenging the sufficiency of the evidence to support the finding of the jury in answer to a special issue. This court has no jurisdiction to determine that assignment and we therefore order that the judgment of the court of civil appeals be reversed and the cause remanded to that court for consideration by it of all assignments except those relating to the removal of the cause to the federal court. McKenzie Constrution Co. v. City of San Antonio, 131 Texas 474, 115 S. W. (2d) 617; Block v. Aetna Casualty & Surety Co., 138 Texas 420, 159 S. W. (2d) 470; Schroeder v. Brandon, 141 Texas 319, 172 S. W. (2d) 488; Baker v. Baker, 143 Texas 191, 183 S. W. (2d) 724.

Opinion delivered November 13, 1946.

Rehearing overruled December 31, 1946.