**J. K. BARNES, Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.**

No. 3280.

Court of Civil Appeals of Texas.

Waco.

May 26, 1955.

Rehearing Denied June 16, 1955.

Oscar M. Herring, Fort Worth, for appellant.

Curtis White, Dallas, for appellee.

HALE, Justice.

Appellant instituted this suit in the 77th Judicial District Court of Limestone County on August 24, 1954, to set aside a judgment rendered on December 8, 1943 in that court for appellee in the sum of $660.07. As grounds of the relief sought, appellant alleged in substance that the judgment in the prior suit was void because the court did not have jurisdiction over the subject matter or over the person of the defendant in that case. Appellee answered the suit with a general denial and with pleas of laches and the two and four year statutes of limitation. Trial before the court without a jury resulted in judgment denying any relief to appellant, and hence this appeal.

Appellant says, in substance, that the trial court erred in refusing to set aside the former judgment because (1) the petition of appellee in the prior suit showed upon its face that the amount in controversy was below the jurisdiction of the District Court and (2) although the former judgment recited that citation had been duly served on appellant as defendant in that suit, no citation was ever served upon him.

On the trial of the present suit, appellant introduced in evidence the original petition of appellee in the former suit, the citation issued thereon with the sheriff's return attached thereto, and the default judgment rendered therein. The original petition of appellee was filed on February 9, 1940. It was alleged in substance by appellee in its original petition that about March 15, 1936, appellant had made written application for it to become surety on a fidelity bond to appellant's employer, and the written indemnity agreement contained in the application for the bond was set out verbatim in the petition of appellee. The indemnity agreement provided among other things, that appellant would "protect and indemnify the said Company against any loss, damage or expense that it may sustain or become liable for in consequence of such guarantee on my behalf by said Company, and forthwith after said Company shall have paid the party or parties entitled to the same, any money under or by reason of such guarantee, to repay the said Company the amount so paid, and all other losses, costs, damages and expenses, including the court costs and counsel fees, at law or in equity, if any, that it shall have incurred or become liable for in consequence of said guarantee." It was further alleged by appellee in its petition that it had issued a fidelity bond as surety for appellant under said application, in the sum of $1,000; that Atlas Supply Company, appellant's employer, made claim against it under the fidelity bond and on March 10, 1937, it discharged its liability as surety on the bond by paying $471.53 to Atlas Supply Company; and that, by reason of the foregoing facts, appellant was indebted to it in the sum of $471.53 with interest thereon,

at the rate of 6% from the date of said payment until paid.

On December 8, 1943, the court below rendered judgment in the prior suit in favor of appellee and against appellant for the sum of $660.07, together with interest from the date of the judgment at the rate of 6% per annum. The judgment recites that the plaintiff, the United States Fidelity & Guaranty Company, announced ready for trial by its attorney and that "defendant J. K. Barnes, although duly cited to appear and answer herein, came not but wholly made default."

■ By the terms of Art. V, § 8 of the Vernon's Ann.St.Constitution of Texas, and of Art. 1906, Subd. 6 of Vernon's Tex.Civ.Stats., the district courts of this State are vested with original jurisdiction over civil suits "when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest". For jurisdictional purposes, the amount in controversy must be determined from the allegations of fact contained in the pleadings of the party seeking to invoke the court's jurisdiction, unless the adverse party alleges and proves that the allegations of his adversary with respect to the amount in controversy were falsely made for the fraudulent purpose of wrongfully conferring jurisdiction. Dwyer v. Bassett, 63 Tex. 274; Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, pt. 7. It also appears to be well settled that the word "interest," as used in the Constitutional and statutory provisions above referred to, means interest eo nomine as distinguished from interest as an element of recoverable damages. Smelser v. Baker, 88 Tex. 26, 29 S.W. 377; Watkins v. Junker, 90 Tex. 584, 586, 40 S.W. 11; McNeill v. Casey, Tex.Civ.App., 135 S.W. 1130; Moser v. Tucker, Tex. Civ.App., 195 S.W. 259; McElroy v. Industrial Petroleum Co., Tex.Civ.App., 260 S.W. 693; Bankers Health & Acc. Co. v. Adair, Tex.Civ.App., 153 S.W.2d 273.

■ From the allegations of fact contained in its original petition in the former suit, it appears that appellee was legally entitled at the time when that suit was instituted on February 9, 1940, to a recovery from appellant of such sum of money as was necessary to indemnify it at that time against the loss and damage it had sustained as a result of appellant's breach of fidelity to his former employer, Atlas Supply Co. The two elements of recoverable damages in the prior suit were (1) a sum equal to the amount appellee had paid to Atlas Supply Co. on March 10, 1937 and (2) an additional sum equal to interest at the rate of 6% per annum on the $471.53 so paid from the date when such payment was made. The elements of damages thus recoverable exceeded the sum of $500 so that the amount in controversy in the prior suit was within the jurisdiction of the district court. Since appellee was not entitled to any recovery in the prior suit for interest eo nomine, the amount of interest sought by it as an element of recoverable damages constituted a part of the amount in controversy in that suit. American Surety Co. of New York v. Ritchie, Tex.Civ.App., 191 S.W.2d 137, pt. 5; Ritchie v. American Surety Co. of New York, 145 Tex. 422, 198 S.W.2d 85, pt. 1.

■ An alias citation was issued on March 5, 1940 in the prior suit to the sheriff of Rusk County. The citation bears the sheriff's return showing that it was duly served on March 8, 1940 by delivering to appellant, in person, a copy of the same, together with a certified copy of appellee's petition. While appellant testified on the present trial that no citation was ever served on him in the former suit, and that he knew nothing of the suit or of the abstract of judgment which was duly recorded in Limestone County until after he had inherited some property situated in that county, a deputy sheriff of Rusk County testified that he delivered the citation to appellant at Joinerville in Rusk County on March 8, 1940, as shown by the sheriff's return attached to the citation. The court below was authorized, if not required, to find from the evidence introduced on the present trial that ap-

pellant herein was duly served with citation in the prior suit. 33 T.J. p. 892; Wood v. City of Galveston, 76 Tex. 126, 13 S.W. 227; Crawford v. Gibson, Tex. Civ.App., 203 S.W. 375 (er. ref.).

The judgment here appealed from is affirmed.